United States Court of Appeals,

Fifth Circuit.

No. 91-4727.

Hung Duc BUI and Richard Lan Bui, Plaintiffs-Appellees, Cross-Appellants,

v.

ST. PAUL MERCURY INSURANCE CO., Defendant-Appellant, Cross-Appellee,

Huey T. Littleton Claim Service of Texas, Inc., Defendant, Cross-Appellee.

Jan. 14, 1993.

Appeal from the United States District Court for the Eastern District of Texas.

Before GOLDBERG, JOLLY, and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

St. Paul Insurance Co. ("St. Paul"), the defendant in this case, insured a boat that Hung Duc Bui and Richard Lan Bui owned. When the boat partially sunk, St. Paul paid $53,000 to the bank that held the mortgage on the Buis' boat. St. Paul, however, refused to pay the Buis because its investigator, Huey T. Littleton Claims Service of Texas, Inc. ("Littleton"), found that the Buis had negligently maintained their boat. The Buis sued St. Paul and Littleton claiming, *inter alia,* that Littleton negligently investigated their claim and that St. Paul breached its contract with the Buis and willfully violated its duty of good faith and fair dealing in handling the Buis' claim.

After a full trial, the jury found that St. Paul breached its insurance contract with the Buis. The jury further found that the St. Paul willfully violated its duty of good faith and fair dealing in handling the Buis' claims. The jury then awarded the Buis $150,000 in actual damages, $5,000 in exemplary damages, and $60,000 in attorney's fees. St. Paul now contends that it is entitled to an offset of $53,000 because of the funds it paid to the bank.

Unfortunately, the offset issue was never properly presented to the jury. It is not clear whether the $150,000 in damages the jury awarded represents contract damages or whether the it represents damages that arose because St. Paul willfully violated its duty of good faith and fair dealing. Because of the way this case was argued to the jury, we cannot say that as a matter of law

St. Paul was entitled to the offset. Given the procedural problems in this case and the way it comes to us on appeal, we find no reversible error, and consequently, we affirm.

We now turn to the Buis' cross-appeal. The Buis have cross-appealed claiming that the district court erred when it denied them pre-judgment interest and when it dismissed their claims against Littleton. The district court denied the Buis pre-judgment interest because the jury awarded them damages based on the cost of repairing their boat at the time of trial and not the time their boat was damaged. The district court correctly reasoned that, under these circumstances an award of pre-judgment interest would be duplicative. Finally, the district court did not err when it dismissed the Buis' claims against Littleton because Littleton was not a party to the contract and, under the particular facts of this case, owed no duty to the Buis under Texas law.

AFFIRMED.