**Joe and Eralia MUNIZ, Appellant,**

v.

**STATE FARM LLOYDS and Haag Engineering Co., Appellees.**

**No. 04–96–00693–CV.**

Court of Appeals of Texas,
San Antonio.

May 6, 1998.

Rehearing Overruled May 6, 1998.

Robert Roy Hamilton, Stephen W. Boyd, Law Offices of Stephen W. Boyd, L.C., San Antonio, for appellant.

Richard A. Sparr, Jr., Edward J. Batis, Jr., John C. Cave, Sparr & Associates, Inc,. San Antonio, Karl A. Vogeler, Roger D. Higgins, Beth D. Bradley, Wade C. Crosnoe, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, David V. Jones, Lori M. Cliffe, Jones, Kurth & Andrews, P.C., San Antonio, for appellees.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

## ON APPELLANTS' MOTION FOR REHEARING

RICKHOFF, Justice.

We grant appellants' motion for rehearing, withdraw our opinion of February 18, 1998 and substitute this opinion affirming the judgments of the courts below.

Joe and Eralia Muniz ("the Munizes") appeal from a summary judgment on their extracontractual claims against their homeowner's insurance carrier, State Farm Lloyds ("State Farm") and Haag Engineering Co. ("Haag"), a firm hired by State Farm to investigate their insurance claim. The original dispute centered on whether damage to their home's foundation was covered under their policy. The Munizes' contract claim was tried to a jury; an earlier partial summary judgment in favor of State Farm and later summary judgments in favor of Haag and State Farm disposed of claims of negligence, gross negligence, breach of the duty of good faith and fair dealing and claims under the Texas Deceptive Trade Practices and Consumer Protection Act. In six points of error the Munizes contend the trial court erred in granting the second round of summary judgments; in one cross-point State Farm urges sanctions because the Munizes seek to revive claims disposed of in the first, unappealed summary judgment.

We affirm the judgment of the trial court.

## Procedural History

The Munizes sued State Farm Lloyds for breach of contract, breach of the duty of good faith and fair dealing, negligence, gross negligence, fraud, civil conspiracy, violations of Tex. Ins.Code Ann. art. 21.21–2 (Vernon 1981 & Supp.1997) and art. 21.55 (Vernon Supp.1997), violations of 38 Tex. Admin. Code 21.203 (West 1997), and violations of the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm.Code Ann. sections 17.46(b) and 17.50(a)(3) (Vernon 1987 & Supp.1997).

The original dispute centers on what caused the soil beneath the Munizes' house to shift. The Munizes contended water leaking from the house's plumbing caused the clay beneath the foundation to "swell" (which would be covered by the homeowner's policy). State Farm contended the shift was caused by the "inherent vice" of the neighborhood's soil (which would not be covered by the homeowner's policy). In support of this position, State Farm cited a report by Haag noting that its investigation showed the plumbing did not cause the shifting.

The heart of the Munizes' noncontractural causes of action center on duct tape discovered on one of the drainage lines from the bathroom. The Munizes contend that Haag put this tape on the line to "rig" the test to show no plumbing leaks, or show an insufficient leak to create the damage. They argue the resulting doctored report would allow State Farm to plausibly deny coverage. (Haag noted the duct tape in its report, and included a photograph of the pipe with duct tape around it.)

On February 28, 1995, after hearing State Farm's initial motions for summary judgment, the trial court by written order found State Farm had a reasonable basis for initially denying the Munizes' claim, and granted State Farm summary judgment on:

a) the Munizes' claim that State Farm breached its duty of good faith and fair dealing;

b) the Munizes' claim that State Farm's and Haag's investigation was negligent, or grossly negligent;

c) any claim based on failure to comply with the statutory timetables for communicating with the insured under article 21.55 of the Insurance Code;

d) the Munizes' claim that State Farm breached a statutory duty to handle claims in good faith when liability had become reasonably clear, under article 21.21—2 of the Insurance Code;

e) the Munizes' claim that State Farm breached a similar duty under Texas Department of Insurance regulations, 28 Tex. Admin. Code sec. 21.203(4) (West 1997);

f) any claim that defendants attempted to influence settlement on one part of the policy by not dealing in good faith when liability is reasonably clear under another part, under 28 Tex. Admin. Code sec. 21.203(8);

g) any claim based on failure to affirm or deny coverage within a reasonable time of proof of loss statements being completed, 28 Tex. Admin. Code sec. 21.203(10);

h) and any claim based on refusal to pay claims without conducting a reasonable investigation based upon available information, 28 Tex. Admin. Code sec. 21.203(15).

The Munizes' breach of contract claim, along with this partial summary judgment, were left pending under the original cause number. The contract claim was tried to a jury which found 75 percent of the damage to the Muniz home was caused by a plumbing leak. This judgment, entered on May 9, 1995, and its accompanying partial summary judgment were not appealed.

The Munizes' surviving non-contract claims were severed into a separate cause number. The Munizes then added Haag to the suit, charging that Haag had conspired with State Farm to defraud them or were negligent or grossly negligent in their investigation. The trial court later granted summary judgments for Haag (April 24, 1996) and State Farm (April 25, 1996) on these claims. The appeal of this summary judgment is the case before us today.

## RES JUDICATA

■ We must first decide whether the February, 1995 partial summary judgment is to be accorded preclusive effect. If so, we must then determine which of the Munizes' claims are foreclosed.

The Munizes argue that the February, 1995 partial summary judgment has no preclusive effect, citing *Mower v. Boyer*, 811 S.W.2d 560 (Tex.1991). Their trust is misplaced.

*Mower* was a suit on a note by Boyer, the creditor, against two Mowers, a father and son. Boyer won partial summary judgment on some claims while others were reserved for trial. *Id.* at 562. When the elder Mower died, Boyer tried to enforce the claim against his estate in probate court; the probate court found the note had been satisfied and found for the estate. *Id.* The younger Mower then sought to overturn the partial summary judgment, using the probate court judgment to assert collateral estoppel. The Texas Supreme Court held that he could, because while the partial summary judgment was interlocutory and had no preclusive effect, the probate court judgment was a final judgment "entitled to preclusive effect in the district court." *Id.* at 563.

■ The Munizes argue that the partial summary judgment in our case, like the partial summary judgment in *Mower*, is not entitled to preclusive effect. We disagree, because there is no partial summary judgment involved in our case. A partial summary judgment becomes final upon disposition of the other issues in the case. *Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51, 53 (Tex.1990). When judgment was entered on the jury verdict in May, 1995, and that cause was not appealed, the partial summary judgment merged into the final judgment. As a final judgment, it is entitled to preclusive effect. *Mower*, 811 S.W.2d at 563. We have identity of the parties and of the subject matter; it is the strongest flavor of issue preclusion. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27.

Not only claims, but facts necessary to support an earlier judgment can be precluded. Relitigation of an issue will be barred if the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; if those facts were essential to the judgment in the first action; and if the parties were cast as adversaries in the first action. *Eagle Properties v. Scharbauer*, 807 S.W.2d 714, 721 (Tex.1991); *Mower*, 811 S.W.2d at 563.

Therefore, the Munizes are barred from asserting any claim that was decided in the prior action or relitigating any facts necessary to support the judgment in the prior action. Now we must untangle the Gordian knot which is the Munizes' appeal to determine which strands survive the previous summary judgment.

### 1. Negligence and Gross Negligence

Because the February, 1995 judgment explicitly adjudicates any claim that State Farm was negligent or grossly negligent in its handling of the Munizes' claim, the Munizes are now precluded from again asserting these claims. *Mower*, 811 S.W.2d at 563. Moreover, this court has recognized that the only tort claims an insured may assert against his carrier arising from the carrier's handling of insurance claims arise from breach of the duty of good faith and fair dealing and the duty to exercise ordinary

care and prudence in considering an offer to settle within policy limits. *United Services Auto. Ass'n v. Pennington*, 810 S.W.2d 777, 783–784 (Tex.App.—San Antonio 1991, writ denied). Therefore summary judgment on these claims as to State Farm was proper.

The Munizes' first four points of error are overruled.

## 2. Claims Based on Breach of the Duty of Good Faith and Fair Dealing

■ The Munizes argue that some of their claims for breach of the duty of good faith and fair dealing survive the February, 1995 summary judgment because the common law duty of good faith and fair dealing does not wholly encompass the elements of TEX. INS. CODE ANN. art. 21.21–2, § 2(b)(4) (Vernon Supp.1997) [1]. They advance no argument or citation of authority.

■ We note first that if State Farm had a reasonable basis for denying the claim, by definition liability could not have been "reasonably clear" as required by the statute. We next note that the trial court's finding in the earlier judgment that State Farm had a reasonable basis for denying the claim is a fact necessary to support the previous judgment, and therefore this fact is settled for any controversy between the parties. *Eagle Properties*, 807 S.W.2d at 721; *Mower*, 811 S.W.2d at 563.

We therefore find that by stating that State Farm had a reasonable basis for denying the plaintiff's claim in the previous judgment, the trial judge foreclosed any claims based on breach of the duty of good faith and fair dealing. This foreclosure extends to any statutory duty predicated on liability becoming reasonably clear, as well as any complaint that State Farm engaged in unfair trade practices in forcing the Munizes to sue to recover under the policy. Therefore the trial court's grant of summary judgment on all these issues was proper.

1. **Art. 21.21—2. Unfair Claim Settlement Practices**
   . . .
   (b) Any of the following acts shall constitute unfair claim settlement practices:

## 3. Claims under TEX. INS.CODE ANN. art. 21.55

The trial court also granted summary judgment under art. 21.55 of the Insurance Code. This provision sets a statutory timetable for insurance companies to follow in disposing of claims. We find that the statute defines timeliness for purposes of an insurance company's communication with its insured. Because the trial court found in the February, 1995 judgment that State Farm did not breach this statute, any claim that rests on the argument that State Farm was not timely must fail, and summary judgment was proper.

## 4. Specific Allegations Stricken by the Partial Summary Judgment

The trial court also found in its February, 1995 summary judgment order against the Munizes' claims that State Farm:

- Did not attempt to effect a prompt, fair and equitable settlement of claims submitted in which liability had become reasonably clear;

- Attempted to contest clear liability under one portion of the policy to effectuate settlement under another portion of the policy;

- Did not affirm or deny coverage within a reasonable time after proof of loss statements were completed.

This supports our conclusion that any claim that State Farm acted in bad faith in not paying a reasonably clear claim, or was dilatory in its dealings with the Munizes, was decided against the Munizes in the prior action; therefore the Munizes are barred from relitigating these claims.

Having determined what is barred by the May, 1995 judgment, we now turn to the Munizes' surviving claims to see if summary judgment was proper.

. . .
(4) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear;

## THE DTPA CLAIMS

In their sixth point of error, the Munizes contend the trial court erred in granting summary judgment on their claims under the Deceptive Trade Practices and Consumer Protection Act, TEX. BUS. & COM.CODE ANN. §§ 17.41–854 (Vernon 1987 & Supp.1997). In general, the Munizes complain that State Farm misrepresented the benefits available to them under their homeowner's policy. In their response to the motion for summary judgment, the Munizes stated that State Farm violated the DTPA by "representing that the policy of insurance, which it issued to Mr. Muniz had benefits that it did not have including the coverage of foundation damage due to minor earth movement and ensuing water damage as evidenced by Exhibit "C"." Exhibit "C", in turn, was the denial letter sent by State Farm after it reviewed Haag's report. This letter informed the Munizes that State Farm was denying coverage and cited all the provisions in the Munizes' policy which State Farm felt excluded coverage. We must therefore determine whether the letter denying coverage violated the DTPA.

### 1. Enumerated Practices

The Munizes specifically point to three instances under TEX. BUS. & COMM.CODE ANN. § 17.46(b) which they alleged State Farm breached by labeling the policy an "all-risk" policy:

1. In representing that the policy of insurance, which State Farm issued to the Munizes, had benefits which it did not have. § 17.46(b)(5);

2. In representing that the policy of insurance was of a particular standard or grade when it was that of another. § 17.46(b)(7);

3. In representing that the policy of insurance in question conferred rights and remedies that it did not have or involve. § 17.46(b)(12).

We decline to find that, by referring to the homeowner's policy as coverage on an "all-risk basis," State Farm engaged in a deceptive trade practice as envisioned by the DTPA. We note first that an "all-risk" policy has been defined as one in which the insurer undertakes the risk for all losses of a fortuitous nature, which, in the absence of fraud or other intentional misconduct of the insured, is not expressly excluded in the agreement. *Brownsville Fabrics Inc. v. Gulf Ins. Co.*, 550 S.W.2d 332, 336–337 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). It has been accepted as a term of art in the insurance industry and in the regulation of that industry. *See, e.g.*, 28 TEX. ADMIN. CODE §§ 5.10004(d)(2)(E) and 5.9302(d) (West 1997). Moreover, Joe Muniz's deposition testimony showed that he was aware that exclusions applied to his "all-risk" insurance policy. We find this argument specious and without merit. Therefore we find summary judgment on this point was proper.

### 2. Unconscionability

The Munizes contend that State Farm's actions in forcing them to go to court and in "misrepresenting" the coverages under their policy constituted an unconscionable course of action. We are not convinced.

The conduct complained of by the Munizes as unconscionable included allegations that State Farm forced them to go to court to enforce their contract; that State Farm failed to conduct a competent investigation; and that State Farm took more than a year to deny their claim. In response, we return to the partial summary judgment granted in February, 1995. In finding that State Farm did not breach its duty of good faith and fair dealing, in foreclosing any claim of negligence or gross negligence as addressed to State Farm's handling of its investigation, and in finding State Farm did not breach its statutory duties in dealing with its insured, we find that the prior summary judgment foreclosed any claim that State Farm's conduct was unconscionable.

We therefore find the trial court did not err in granting summary judgment on the issue of violations of the DTPA. The Munizes' sixth point of error is overruled.

## MISCELLANEOUS ALLEGATIONS

Remaining from the Munizes' points of error are claims that State Farm failed to have in place reasonable standards for

prompt investigation of claims arising under its policies and for misrepresenting pertinent facts or policy provisions relating to the coverages at issue. We take each of these in turn.

### 1. Reasonable standards

To prove that State Farm does not have reasonable standards for processing claims in place, the Munizes attempt to set up a conflict between the deposition testimony of two State Farm experts. Pam Blue, State Farm's division claims superintendent, testified that her company had such standards in place for generally processing claims. Peter Perrine, a State Farm claim representative, testified that State Farm had no policy or procedure in place specifically for handling foundation damage claims. We find that these two officers addressed two different things; Blue was testifying about general procedures, while Perrine said State Farm has no particular procedure for foundation claims. There is no conflict, and we find that no genuine issue of material fact is raised by Perrine's statement. Therefore summary judgment on this claim was proper.

### 2. Misrepresentation of policy coverages

The Munizes contend that State Farm misrepresented pertinent facts or policy provisions relating to the coverages. In their Response to the Motion for Summary Judgment, the Munizes complain that the Reservation of Rights letter sent by State Farm did not tell them that their policy would cover damage due to the shifting foundation if the loss would otherwise be covered under the policy (in other words, if the shifting were caused by plumbing leaks). However, Joe Muniz stated in his deposition that this was explained to him and that he understood this at the time the reservation of rights letter was sent. We find that this conclusively proves that State Farm did not misrepresent these coverages to the Munizes. Therefore summary judgment on this claim was proper.

**2.** Although the Munizes complained in the trial court that Haag and State Farm conspired to deny them policy benefits, and committed fraud,

## THE SUMMARY JUDGMENT IN FAVOR OF HAAG ENGINEERING

In our prior opinion, we held that because the Munizes were precluded from asserting claims for negligence and gross negligence against State Farm, they were precluded from asserting those claims against Haag, and that the summary judgment granted Haag was therefore proper. However, the Munizes correctly point out that Haag did not move for summary judgment on these grounds.[2] A court may not sustain a summary judgment on a ground not presented to the trial court in a motion for summary judgment. *McConnell v. Southside Indep. School Dist.*, 858 S.W.2d 337, 341 (Tex.1993).

Haag moved for summary judgment on the grounds that it owed no duty to the Munizes, that Haag did not proximately cause damages to the Munizes, that Haag does not owe a duty of good faith and fair dealing to the Munizes as a matter of law and that Haag was not grossly negligent. We now consider whether summary judgment was proper on any of these grounds.

### 1. Duty

Haag argued in the trial court that it owed no duty to the Munizes because there was no privity or relationship between them.

The threshold question in a negligence case is duty; a plaintiff must establish both the existence of a duty and violation of that duty owed by defendant to plaintiff to establish liability in tort. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523 (Tex.1990); *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 312 (Tex.1983).

It is undisputed that Haag Engineering never worked for the Munizes and that it was acting as an agent of State Farm in investigating the Munizes' claim. The Munizes argue Haag is responsible to them for its allegedly negligent investigation. However, the

they did not bring forward a complaint about summary judgment on these causes of action; therefore any complaint is waived.

Munizes' position is hemmed in by unfriendly precedent. *See Dear v. Scottsdale Ins. Co.,* 947 S.W.2d 908, 916–917 (Tex.App.—Dallas 1997, writ denied); *Hartman v. Urban,* 946 S.W.2d 546 (Tex.App.—Corpus Christi 1997, no writ); *see also Bui v. St. Paul Mercury Ins. Co.,* 981 F.2d 209 (5th Cir.1993) (applying Texas law).

We know that Haag is not liable to the Munizes under the duty of good faith and fair dealing. *Natividad v. Alexsis Inc.,* 875 S.W.2d 695 (Tex.1994). The supreme court found in *Natividad* that the duty of good faith and fair dealing grew from the "special relationship" between insured and insurer based on either trust or unequal bargaining power. *Id.* at 697. In the insurance context, the court found this "special relationship" grows out of the insurance contract, which is "by its very nature the result of unequal bargaining power, and by its nature allows unscrupulous insurers to take advantage of their insureds. [citations omitted]. Without such a contract there would be no "special relationship" and hence, no duty of good faith and fair dealing." *Id.* at 697–698. Because of this "special relationship," the supreme court found that the better course would be to hold the insurance company liable under the duty of good faith and fair dealing for the wrongful acts of its agents and contractors. *Id.* at 698 n. 7.

*Dear* extends this reasoning beyond the duty of good faith and fair dealing to causes of action against agents and subcontractors of insurers based on negligence. In *Dear,* the plaintiff was an insured who sued his insurance company, its independent adjustor and the law firm the insurance company appointed to represent him in a malpractice claim. *Dear,* 947 S.W.2d at 912. He claimed his reputation and business were damaged by the insurance company's decision to settle two liability suits against him and by the adjustor's action in recommending settlement after first recommending trial. *Id.* The court found that Dear's claims against the investigator were centered on the contention that the firm improperly investigated and evaluated the claim against him. *Id.* at 917. The court noted the supreme court in *Natividad* held that the independent adjustor did not "stand in the shoes" of the insurance company; rather, the insurance company remained liable for its agent's torts. *Id.* at 916. The *Dear* court held that, absent a contractual or other relationship between the contractor or agent and the insured, the contractor or agent owed no duty to the insured, and "[a]bsent such a relationship and concomitant duty, H & G could not be liable to Dear for improper investigation and settlement advice, regardless of whether Dear phrased his allegations as negligence, bad faith, breach of contract, tortious interference, or DTPA claims." *Id.*

In a somewhat different context, a court recently held that an engineering company is not ultimately liable for an inaccurate plat to a consumer who bought the platted piece of real estate. *Hartman v. Urban,* 946 S.W.2d 546 (Tex.App.—Corpus Christi 1997, no writ).

In *Hartman,* a subdivider hired Urban Engineering in 1972 to make a plat for a waterfront subdivision; this plat was filed in the Nueces County deed records. Three years later, Urban revised the plat and gave the revised plat to the subdivider; this new plat reduced the water frontage of one particular lot. *Id.* at 547. However, the subdivider never filed this plat. *Id.* A homebuilder later bought this lot and designed a home for the original frontage; when he discovered the discrepancy, he sued Urban. *Id.* at 548.

The court cast the question presented as "whether certification by a licensed professional engineer and the filing of a plat prepared by him gives rise to a duty to a purchaser who relies on the erroneous map to his detriment." *Id.* at 549. The court noted that the Texas Supreme Court has held that a lack of privity barred causes of action against professionals in the legal and medical contexts. *See Barcelo v. Elliott,* 923 S.W.2d 575, 578–579 (Tex.1996)(lack of privity between attorney drafting trust and intended trust beneficiaries barred recovery by intended beneficiaries) *and Krishnan v. Sepulveda,* 916 S.W.2d 478 (Tex.1995)(lack of physician-patient relationship barred recovery by husband against wife's doctor). Analogizing from these cases, the court decided the lack of privity between Urban and Hart-

man barred any cause of action in the engineering context, despite the fact that it was foreseeable that a lot buyer would rely on the earlier plat. *Id.* at 550.

Finally, in *Bui v. St. Paul Mercury Ins. Co.*, a federal court, applying Texas law, held that an insured has no cause of action against an investigator for an insurer. *Id.* at 910.

We find this reasoning persuasive. We therefore find summary judgment was properly granted by the trial court because Haag owed no duty to the Munizes; therefore the Munizes could not hold Haag liable for negligence. And because Haag could not be liable for negligence, it could not be liable for gross negligence. TEX. CIV. PRAC. & REM. CODE ANN. § 41.004 (Vernon 1994); *Newman v. Tropical Visions Inc.*, 891 S.W.2d 713, 721–722 (Tex.App.—San Antonio 1994, writ denied). Therefore summary judgment for Haag on negligence and gross negligence was proper. We affirm the trial court's judgment as to Haag Engineering.

## SANCTIONS

In one cross-point of error State Farm urges that we assess sanctions against the Munizes for bringing this appeal for delay and without sufficient cause. An appellate court may assess sanctions if it determines that the appeal was taken for delay only and without a realistic hope of winning reversal. *Elm Creek Villas v. Beldon Roofing*, 940 S.W.2d 150, 155 (Tex.App.—San Antonio 1996, no writ).

We note that the Munizes' Eighth Amended Petition sought recovery for, among other things, violations under the Insurance Code and the Texas Administrative Code which were clearly disposed of in the trial court's May, 1995 judgment. While the principles of res judicata can be difficult, it should be understood that a litigant gets only one bite of the apple in a given case. This tangled appeal delayed final disposition of the case and needlessly dissipated judicial resources. However, because the Munizes may have brought this appeal because of an inability to grasp the complex principles of issue preclusion, we overrule State Farm's cross-point seeking sanctions.

## CONCLUSION

The judgment of the trial court is in all things AFFIRMED.