Affirmed and Memorandum Opinion filed March 29, 2007








Affirmed and Memorandum Opinion filed March 29, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00876-CV

____________

 

CYNTHIA NITZSCHE AND STEPHEN
NITZSCHE,
Appellants

 

V.

 

TEAMS OF TEXAS, Appellee

 



 

On Appeal from the 164th
District Court

Harris County, Texas

Trial Court Cause No. 03-49027A

 



 

M E M O R A N D U M   O P I N I O N








This case comes to us as an appeal from the trial court=s denial of a bill
of review.  Appellants, Cynthia and Stephen Nitzsche, sued multiple defendants,
including appellee, TEAMS of Texas, for damages arising out of an insurance
claim for mold and water damage.  TEAMS successfully sought summary judgment
and severance.  The Nitzsches did not receive notice of the judgment, and
therefore did not timely pursue an appeal.  The trial court denied relief on a
bill of review, which sought to re-start the appellate timetable so that the
Nitzsches could seek appellate review of the grant of summary judgment.  We
have reviewed the Nitzsches= issues, and because we determine that the
Nitzsches do not have a meritorious ground of appeal, hold that the trial court
did not abuse its discretion in denying the Nitzsches= bill of review. 
We therefore affirm the trial court=s judgment.

Factual and Procedural Background

Given the procedural posture of this case, we take the
facts in the light most favorable to the Nitzsches.  Farmers Insurance Exchange
hired TEAMS to perform certain tests on the Nitzsches= home.  The
Nitzsches believed that TEAMS inadequately performed its tests and evaluations,
and therefore sued TEAMS, among others, for violations of the Texas Deceptive
Tract Practices Act (ADTPA@).  TEAMS moved
for summary judgment contending that the Nitzsches could not maintain suit
against it because it owed no duty to the Nitzsches.  The trial court granted
TEAMS=s summary
judgment.  

The Nitzsches then filed a motion to reconsider and TEAMS
filed a motion to sever.  The trial court granted TEAMS=s motion to sever
on October 13, 2004, and did not grant the motion to reconsider.  The clerk of
the court failed to mail notice of the judgment to the Nitzsches, which caused
them to miss the deadline for timely filing notice of appeal.  It was not until
March 2005 that the Nitzsches finally learned of the trial court=s ruling.

The Nitzsches sought a bill of review from the trial
court.  The trial court held a hearing, and took the matter under advisement. 
The trial court then denied the bill of review.  The Nitzsches sought review
from this court, asking us to grant the bill of review, reverse the trial court=s grant of summary
judgment, and remand the case for trial.  However, because we conclude  that
the Nitzsches cannot satisfy the first prong of the test for receiving a bill
of reviewCnamely, establishing a meritorious ground for appealCwe affirm the
ruling of the trial court.

 

 








Analysis

I.        Standard
of Review

A bill of review is an equitable proceeding brought by a
party to a former action seeking to set aside a prior judgment that is no
longer subject to challenge by a motion for new trial or appeal.  Nguyen v.
Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  To set aside a judgmentChere, summary
judgmentCutilizing a bill
of review, the petitioner ordinarily must plead and prove (1) a meritorious
defense to the cause of action alleged to support the judgment, (2) that he was
prevented from making due to the fraud, accident or wrongful act of his
opponent, (3) unmixed with any fault or negligence of his own.  Id.  In
the context of a lost appeal, however, the party need not show a meritorious
defense, but rather a meritorious ground of appeal, such that A>the judgment
might, and probably would, be reversed.=@ McRoberts v.
Ryals, 863 S.W.2d 450, 455 n.1 (Tex. 1993) (Enoch, J. dissenting) (citing Petro-Chemical
Transp. v. Carroll, 514 S.W.2d 240, 245 (Tex. 1974)).  

Official mistake, or a failure to serve the party seeking
the bill with proper notice, will relieve the petitioner from establishing the
second prong of the test.  See Perdue v. Patten Corp., 142 S.W.3d 596,
604B05 (Tex. App.CAustin 2004, no
pet.).  Receiving notice too late also relieves a party from establishing due
diligence in pursuing legal remedies against the judgment, which ordinarily
must be proven to seek a bill of review.  Id. at 607.








The grounds upon which we may grant relief upon a bill of
review are narrow because the procedure conflicts with the fundamental policy
that judgments must become final at some point.  Nguyen, 93 S.W.3d at
293.  In our review, we must indulge every presumption in favor of the trial
court=s ruling.  Id. 
We will not disturb that ruling unless the petitioner is able to show
affirmatively that there was an abuse of judicial discretion.  Id.  A
trial court abuses its discretion only if it acts in an unreasonable or
arbitrary manner, or without reference to any guiding rules and principles.  Id. 
Finally, because we have no findings of fact or conclusions of law entered in
this case, we must affirm the trial court=s ruling on any
theory finding support in the record.  See id.  

II.       Official
Mistake

Neither party disputes that the only evidence at trial
indicated that the clerk of the court failed to mail any notice of the trial
court=s judgment. 
Additionally, the only evidence presented at trial indicated that the first
opportunity for the Nitzsches to have received actual notice of the judgment
was too late to timely file notice of appeal.  Therefore, the only evidence
adduced showed official mistake.  We must now determine if the Nitzsches are
able to satisfy the requirements for a bill of review.

III.      Texas
Law Does Not Permit the Nitzsches to Sue TEAMS

The Nitzsches are unable to satisfy the first prong of the
test for receiving a bill of review: the requirement of showing a meritorious
ground of appeal.  Texas law does not permit the Nitzsches to maintain suit
against TEAMS, and, therefore, the Nitzsches have no valid basis upon which to
appeal the grant of summary judgment granted in TEAMS=s favor.








In Dagley v. Haag Engineering Co., we held that a
contractor hired by an insurance company owes no duty to an insured, and also
has no special relationship with an insured so as to trigger liability under
the DTPA.  18 S.W.3d 787, 791B92 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  That decision relied on, and was in accord with, other
decisions of Texas appellate courts, and the federal Fifth Circuit Court of
Appeals applying Texas law.   See Dear v. Scottsdale Ins. Co., 947
S.W.2d 908, 916B17 (Tex. App.CDallas 1997, writ
denied) (opinion on rehearing) (analogizing to Natividad v. Alexis, Inc.,
875 S.W.2d 695 (Tex. 1994)) overruled on other grounds, Apex Towing
Co. v. Tolin, 41 S.W.3d 118, 123 (Tex. 2001); Muniz v. State Farm Lloyds,
974 S.W.2d 229, 235B37 (Tex. App.CSan Antonio 1998,
no pet.); Bui v. St. Paul Mercury Ins. Co., 981 F.2d 209, 210 (5th Cir.
1993) (Texas law).  These cases stand for the proposition that a party, such as
the Nitzsches, cannot maintain suit for negligence or DTPA violations against a
contractor hired by an insurance company, to perform adjusting or testing
services on behalf of the insurance company.  We are bound by this precedent.

The Nitzsches make no attempt to distinguish Dagley. 
Their only argument is that they need not prove a direct contractual
relationship because they are a third-party beneficiary.  However, as our
precedent clearly holds, the lack of privity of contract or special
relationship completely defeats the Nitzsches= claims against
TEAMS.  However, it also follows from our third-party-beneficiary precedent
that the Nitzsches are not third-party beneficiaries who can pursue a claim
against TEAMS.  Rather, TEAMS owes a duty to, and has a contractual
relationship with, Farmers.  

In Texas, there is a presumption that parties enter into
contracts for themselves, unless it clearly appears that they intended a third
party to benefit from the contract.  MCI Telecommunications Corp. v. Texas
Utilities Elec. Co., 995 S.W.2d 647, 651 (Tex. 1999).  We will not create
third-party-beneficiary status on our own or by implication; instead, the
intent to create that status must be clearly and fully spelled out in the
contract.  See id.  Simply receiving some incidental benefit from the
contract is not enough, the contracting parties must have entered into the
contract so as to secure a direct benefit for the third party as either a donee
or a creditor beneficiary.  Id.  The Nitzsches cannot satisfy this test
and have presented no proof to overcome the presumption against
third-party-beneficiary status.








We do not have a copy of the contract between Farmers and
TEAMS, and thus lack the instrument with which we must begin our inquiry.  See
id. at 650B51 (stating that our analysis requires us to interpret
the contract and interpret it de novo).  With the evidence we do have, there is
nothing to indicate that the contract between TEAMS and Farmers was entered
into for the Nitzsches= benefit.  Instead, the record indicates that Farmers hired TEAMS
for its own benefitCnamely, to evaluate the claim for purposes of determining
Farmers= liability.  As a result, we can
determine only that the Nitzsches did not overcome the above presumption and,
in line with precedent, hold that they were not third-party beneficiaries who
could maintain suit against TEAMS.  As our case law requires, Farmers
retains liability for the actions of its contractor, and the Nitzsches must
seek any damages from Farmers for any alleged TEAMS misconduct.  See Dear,
947 S.W.2d at  917 (citing Natividad, 875 S.W.2d at 698). 

Conclusion

Having determined that appellants cannot satisfy the first
prong of the test to receive relief under a bill of review, we affirm the
judgment of the trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed March 29, 2007.

Panel consists of
Justices Anderson, Hudson, and Guzman.