Affirmed and Majority and Concurring Opinions filed January 15, 2008








Affirmed
and Majority and Concurring Opinions filed January 15, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00248-CV

_______________

 

LARRY JUSTICE, BETH JUSTICE,

and KAREN JUSTICE, Appellants

 

V.

 

STATE FARM LLOYDS INSURANCE

COMPANY. and FTI/SEA CONSULTING, 

Appellees

                                                                                                                       
                        

On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 02-22646

                                                                                                                                               


 

M A J O R I T Y    O P I N I O N

In this insurance coverage dispute,
Larry Justice, Beth Justice, and Karen Justice (Athe Justices@) appeal a take-nothing summary
judgment entered in favor of State Farm Lloyds Insurance Company (AState Farm@) and FTI/SEA Consulting (AFTI@) on the grounds that their summary
judgment evidence raised fact issues on their claims against State Farm and
FTI.  We affirm.

 








                                                                   Background

A tree fell on the Justices= house in 2000, the Justices made a
claim under their State Farm homeowner=s insurance policy (the Apolicy@), and State Farm paid the claim.  In
2001, the Justices discovered mold in the walls of their house and reported the
claim to State Farm.  State Farm sent the Justices a reservation of rights
letter, hired FTI to conduct an industrial hygiene evaluation, and paid the
Justices over $137,000 for remediation of their home, alternative living
expenses, and cleaning costs on this claim.  Thereafter, the Justices filed
suit against State Farm and FTI for additional mold damage.   State Farm and
FTI each filed a motion for summary judgment, which the trial court granted. 

                                                            Standard
of Review

A traditional summary judgment may be
granted if the motion and summary judgment evidence show that there is no
genuine issue of material fact and the moving party is entitled to judgment as
a matter of law. Tex. R. Civ. P. 166a(c).  A no-evidence motion for summary
judgment must be granted unless the nonmovant produces summary judgment evidence
raising a genuine issue of material fact on each essential element of the claim
for which the motion states there is no evidence.  Id. 166a(I).

In reviewing a summary judgment, we
review the entire record in the light most favorable to the nonmovant, indulging
every reasonable inference and resolving any doubts against the motion.  Yancy
v. United Surgical Partners Int=l, Inc., 236 S.W.3d 778, 782 (Tex. 2007). 
Where, as here, the trial court does not specify on which grounds the summary
judgment is based, the appealing party must show that it is error to base it on
any ground asserted in the motion.  Star-Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1996).

                                                                    State
Farm

                                                        Breach
of Contract Claim








State Farm moved for summary judgment
against the Justices= claim for breach of contract on the ground, among others,
that this claim was barred by the mold exclusion in the policy (the Amold exclusion@).  See, e.g., Fiess v. State Farm
Lloyds, 202 S.W.3d 744 (Tex. 2006).  The Justices contend that the mold
exclusion is somehow overcome by a provision of the State Farm Adjuster=s Guide, purportedly stating that if
the original claim is covered, such as the damage from a wind blown tree, then
any loss that proximately results is therefore covered.[1] 
However, the Justices= brief provides no legal authority[2]
suggesting that a provision of the Adjusters Guide could be controlling,
relevant, or even admissible concerning the meaning or scope of coverage of the
policy.[3]  Nor does it
indicate how such a provision, even if applicable, could overcome an express
exclusion in the policy.  Therefore, this contention affords no basis for relief,
and the Justices= challenge to the summary judgment against their breach of
contract claim is overruled.

                                                       Extra-Contractual
Claims

State Farm moved for summary judgment
against the Justices= extracontractual claims on the ground, among others, that
the absence of policy coverage over a claim (as we concluded in the preceding
section) generally precludes liability for common law and statutory bad faith
claims.  See, e.g., Progressive County Mut. Ins. Co. v. Boyd, 177 S.W.3d
919, 922 (Tex. 2005).  Because the Justices= brief fails to address this ground,
we have no basis to conclude that the trial court erred in sustaining it, and
the Justices= challenge to the summary judgment against their extracontractual claims
is overruled.

                                                                    Negligence








The Justices alleged that: (1) State
Farm was negligent in failing to identify a part of their house that had been
damaged by the tree; and (2) water from subsequent heavy rains entered the
house through this damaged area, causing additional mold damage.  State Farm
moved for summary judgment against this negligence claim on the ground that
Texas law does not recognize a cause of action for negligent claim handling.  See,
e.g., Higganbotham v. State Farm Mut. Auto. Ins. Co., 103 F.2d 456, 460 (5th
Cir. 1997).  The Justices= brief asserts that the holding in Higganbotham does
not apply to their claim because the adjuster assumed a duty to determine water
leaks and the origin of water entry.  However, their brief cites no legal
authority or evidence supporting the existence of such a duty or explaining how
any such negligence would fall outside the scope of claim handling for which
Texas recognizes no negligence duty.  Accordingly, this contention is without
merit, and we overrule the Justices= first issue, challenging the summary
judgment in favor of State Farm.

                                                                           FTI

FTI was hired by State Farm to
perform an industrial hygiene test of the Justices= house to determine the extent of any
mold growth.  As relevant to this appeal, the Justices= sued FTI for negligence in failing
to initially detect some of the areas containing mold, causing them to: (1) be
without the use of their home and personal items stored there; and (2) incur
additional expense.[4]  FTI moved for
summary judgment on the grounds, among others, that there was no evidence that
FTI breached any duty it owed to the Justices or that any breach by FTI
proximately caused any of the damages claimed by the Justices.








The Justices= brief does not address what legal
basis establishes that FTI owed a negligence duty to them, and agents of
insurance companies generally have no duty to insureds for negligence in
investigating claims.[5]  In addition,
to the extent that FTI was hired by State Farm to identify mold damage that
could be covered by the policy, the Justices summary judgment response and
brief on appeal do not explain how any negligence by FTI in failing to
initially locate the full extent of the mold in their house could have caused
them damage if the mold was not covered by the policy in any event, as we have
concluded in the preceding section.  Because the Justices= second issue thus affords no basis
for relief, it is overruled, and the judgment of the trial court is affirmed.

 

 

 

 

/s/        Richard H. Edelman

Senior Justice

 

 

Judgment rendered and Majority and
Concurring Opinions filed January 15, 2008.

Panel consists of Justices Yates,
Frost, and  Edelman.[6] (Frost, J.,
concurring).









[1]           The Justices do not assert coverage under
any Aensuing loss@
clause of the policy.





[2]           See Tex. R. App. P. 38.1 (h)
(requiring appellant=s brief to contain citations to legal authority in
support of arguments).





[3]           The Justices= challenges to the summary judgment based on State Farm=s failure to specifically deny coverage and estoppel
arising from State Farm=s payments of some of their claims are also
unsupported by authority.





[4]           Because the Justices do not assign error to
the summary judgment against their deceptive trade practice claims against FTI,
we do not address those claims.





[5]           See Nitzsche v. Teams of Texas, No.
14-07-00876-CV, 2007 WL 925803 at *2 (Tex. App.CHouston [14th Dist.] March 19, 2007, no pet.); Dagley v.
Haag Engineering Co., 18 S.W.3d 787, 791 (Tex. App.CHouston [14th Dist. 2000, no pet.); see
also Natividad v. Alexsis, Inc., 875 S.W.2d 695, 698 (Tex. 1994).





[6]           Senior Justice Richard H. Edelman, sitting
by assignment.