TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00558-CV







Joyce Rogers and Melissa Rogers Wallace, Appellants



v.



Color Star Growers, Inc., Appellee






FROM THE DISTRICT COURT OF LEE COUNTY, 335TH JUDICIAL DISTRICT


NO. 11,281 HONORABLE H. R. TOWSLEE, JUDGE PRESIDING







 Appellants Joyce Rogers and Melissa Rogers Wallace (collectively "appellants") filed
a negligence claim against appellee Color Star Growers, Inc. ("Color Star") for injuries sustained as
a result of an automobile collision. Appellants alleged that Color Star owned the bovine animal that
emerged in front of the appellants' automobile, causing them to swerve to avoid the animal and
collide with an embankment. Color Star filed a no-evidence summary-judgment motion, which was
granted by the district court. By one issue, appellants appeal the district-court judgment. We will
affirm.


BACKGROUND

 On September 10, 1996 at approximately 8:35 p.m., Wallace was driving westbound
on Highway 290, just west of Giddings, with her mother, Rogers, in the passenger seat, when she
encountered a cow or bull in the middle of the highway, just east of property owned by Color Star. 
Wallace swerved to avoid the animal, lost control of her vehicle, ran off the road, and struck an
embankment, causing injuries to both appellants. The vehicle came to rest near the entrance of Color
Star's property. The animal was not hit or identified. 

 Believing that Color Star owned the animal, appellants filed suit the day before the
statute of limitations ran, claiming: "[Color Star] allowed its fencing of its livestock to be in disrepair
and/or did not properly maintain its fencing of its livestock which allowed the cow or bull in
question to roam on Highway 290 causing a danger to motorists, which include the [appellants] in
this case." Color Star filed a no-evidence motion for summary judgment, arguing that appellants
failed to produce evidence that Color Star "had an ownership or was otherwise responsible for the
alleged cow or bull in the roadway and that [Color Star] negligently allowed the cow to roam the
highway." See Tex. R. Civ. P. 166a(i). The district court agreed and granted summary judgment for
Color Star.


DISCUSSION

 On appeal, appellants claim that they provided sufficient summary-judgment evidence
to create fact issues that Color Star (1) owned the animal that caused the accident and (2) was
negligent in its fencing.

 After an adequate time for discovery, a party may move for a no-evidence summary
judgment on the grounds that there is no evidence of one or more essential elements of a claim or
defense on which an adverse party would have the burden of proof at trial. See Tex. R. Civ. P.
166a(i). The function of a summary judgment is not to deprive litigants of the right to trial by jury
but to eliminate patently unmeritorious claims and defenses. Swilley v. Hughes, 488 S.W.2d 64, 68
(Tex. 1972). Unlike a traditional motion for summary judgment, the movant in a no-evidence
motion for summary judgment does not bear the burden of establishing each element of its own
claim or defense. Grant v. Southwestern Elec. Power Co., 20 S.W.3d 764, 772 (Tex.
App.--Texarkana 2000, pet. granted). Instead, the nonmovant has the burden of presenting evidence
raising a genuine fact issue on the challenged elements. Id.; Jackson v. Fiesta Mart, Inc., 979
S.W.2d 68, 70-71 (Tex. App.--Austin 1998, no pet.) (citing Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997)). 

 The propriety of a district court's decision to grant a summary judgment is a question
of law, which we review de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). The
reviewing court views the proof in the light most favorable to the nonmovant, disregarding all
contrary proof and inferences. Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San
Antonio 1998, pet. denied). If the nonmovant presents more than a scintilla of probative evidence
raising a genuine issue of material fact, it is improper to grant a no-evidence motion for summary
judgment. Jackson, 979 S.W.2d at 70-71; see also Moore, 981 S.W.2d at 269. More than a scintilla
of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions." Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex.
1995) (quoting Transportation Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994)). 

 As grounds for its no-evidence motion for summary judgment, Color Star asserted
that appellants had failed to set forth any evidence that Color Star owned or was otherwise
responsible for the cow or bull in the roadway or that Color Star negligently allowed the animal to
roam the highway. Negligence is a common-law doctrine, consisting of three essential elements:
(1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages
proximately resulting from the breach. El Chico Corp. v. Poole, 732 S.W.2d 306, 311 (Tex. 1987). 
To establish liability, a plaintiff must prove the violation of a duty owed by the defendant. Id. In
Texas, there is no common-law duty to fence in domestic animals, such as cows. Gibbs v. Jackson,
990 S.W.2d 745, 747-50 (Tex. 1999). However, the agriculture code imposes a duty with respect
to animals on a public highway: "A person who owns or has responsibility for the control of a . . .
cow, bull, steer, . . . may not knowingly permit the animal to traverse or roam at large, unattended,
on the right-of-way of a highway." Tex. Agric. Code Ann. § 143.102 (West 1982). Thus, in order
to avoid summary judgment, appellants had to produce sufficient evidence to raise a fact issue as to
whether Color Star owned or had responsibility for the cow or bull that appeared in the middle of
the highway and whether it knowingly allowed the animal to roam onto the highway.

 In response to Color Star's summary-judgment motion, appellants alleged the
following: (1) the accident occurred in front of Color Star's property; (2) Color Star owned several
cows and a bull with access to Highway 290; (3) no one else in the area owned cattle that wandered
loose the day of the accident; (4) Color Star's fences were in disrepair or had been repaired shortly
after the accident; and (5) although the owner of the Color Star property and cattle stated that no
cattle were missing on the day of the accident, he did not check on all his cattle until about 10:00 that
evening, allowing sufficient time for any missing cattle to return. To support their allegations,
appellants produced evidence consisting of photographs of Color Star's fence, a report from an
investigator who polled the neighboring landowners to determine if any had noticed missing cattle
on the day of the accident, and a transcript of the deposition of Huibert Verbeek, the owner of Color
Star. 

 The photographs depict the wooden fence that surrounds Color Star's property. The
fence is composed of four horizontal boards. In one photograph, the second wooden plank from the
bottom appears to have cracked, creating a slit where the two pieces have split. However, the photo
depicts no holes large enough for an animal the size of a cow or bull to escape. The other photos
show portions of the fence with various discolored planks. There is no evidence indicating the date
the photos were taken, and there is no evidence indicating the cause of the discolored planks.

 The investigator's report is entitled "Affidavit" and documents the results of an
inquiry conducted by Jimmy W. Strelec, an investigator hired by appellants' attorney. The document
reflects that Strelec interviewed thirteen landowners or tenants from the nearby area. He concludes
that, "[a]s of June 22, 2000, a partial number of the landowners and persons leasing land for their
cattle have been contacted. Those who were successfully interviewed have confirmed that they did
not have any loose livestock on September 10, 1996." He adds: "It should be noted however that
not all individuals have been interviewed due to difficulty in contacting or their lack of cooperation
concerning the issue of loose livestock on September 10, 1996," and that the investigation was
continuing. Indeed, of the thirteen individuals listed in the report, only two stated that they did not
have any loose cattle on the day of the accident. The others either owned the land and leased it to
someone else, did not own cattle, or were not contacted. Five of the entries state that the investigator
was unable to confirm the data from the individual. The report is dated June 22, 2000, but does not
indicate when the investigation took place. Thus, the individuals could have been questioned as late
as June 22, 2000 about the whereabouts of their cattle on September 10, 1996--a date more than
three and one-half years earlier. 

 Finally, appellants point to the deposition of Verbeek in support of their claim that
because Verbeek delayed in accounting for his cattle, a loose animal would have had sufficient time
to return to Color Star's pasture without Verbeek ever having noticed. The accident report reflects
that the accident occurred at 8:35 p.m. Verbeek testified during his deposition that he checked his
cattle at "[p]robably 10:00[,] 9:00, 10:00" on the night of the accident. He owned ten cows or less
and one bull. He noticed none missing when he checked on them. He checked on the animals once
more the following morning, and again noticed none were missing. 

 Appellants argue that when viewed in the light most favorable to them, the
circumstantial evidence establishes that "by process of elimination, the bull did not belong to anyone
else besides Color Star" and creates a fact issue as to whether Color Star was negligent. 
"Circumstantial evidence may raise a fact issue if, from the evidence, a reasonable person would
conclude that the existence of the fact is more reasonable than its nonexistence." Dagley v. Haag
Eng'g Co., 18 S.W.3d 787, 794 (Tex. App.--Houston [14th Dist.] 2000, no pet.). However, nothing
that appellants have provided suggests that a loose Color Star animal was responsible for appellants'
accident. There is no evidence indicating that Color Star was missing any of its cattle the night of
the accident. The investigator's report includes statements from only two landowners of at least
thirteen in the vicinity, who indicated that they were not missing any cattle on the night of the
accident. Other neighboring landowners, therefore, have not been eliminated as owners of the roving
bovine. Even viewing the evidence--i.e., the investigator's report, the fact that the accident occurred
in front of Color Star's property, and the fact that Color Star owned cows and a bull with access to
the highway--in the light most favorable to the appellants, at best appellants have created a mere
suspicion that Color Star may have owned the wandering cow or bull.

 Similarly, appellants have failed to put forth more than a scintilla of evidence
establishing that Color Star breached its duty by knowingly permitting an animal to roam on the
highway. By means of the photographs of the fence, appellants intimate that the fence must have
been in disrepair at the time of the accident, and Color Star must have since repaired it. However,
during his deposition, Verbeek denied making any repairs to the fence following the accident. 
Furthermore, from the record before us, it is impossible to determine when the photographs were
taken. Even if we were to assume that they accurately depict the condition of the fence as it exists
today, they create no more than a suspicion that the fence was in disrepair on the day of the accident
and repaired afterwards. Moreover, the only photo of any kind of gap in the fence depicts only a
small slit where a board split in two. Again, because the date that the photos were taken is
indeterminable, they create no more than a suspicion that this gap existed on the date of the accident. 
Nevertheless, assuming the gap in the fence did exist, this amounts to less than a scintilla of evidence
that a cow or bull could have escaped from that hole and then returned to the pasture through the
same hole between the time of the accident and when Verbeek checked on his cattle. 

 In sum, appellants produced no evidence sufficient to create a question of fact as to
whether Color Star owned or was responsible for the cow or bull roaming the highway on the date
of the accident nor as to whether Color Star knowingly permitted an animal to roam unattended on
the highway. Consequently, appellants failed to establish that Color Star was not entitled to
summary judgment as a matter of law, and their sole issue is overruled.


CONCLUSION

 Having overruled appellants' issue on appeal, we affirm the district court's summary
judgment.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: August 9, 2001

Do Not Publish



ient time
to return to Color Star's pasture without Verbeek ever having noticed. The accident report reflects
that the accident occurred at 8:35 p.m. Verbeek testified during his deposition that he checked his
cattle at "[p]robably 10:00[,] 9:00, 10:00" on the night of the accident. He owned ten cows or less
and one bull. He noticed none missing when he checked on them. He checked on the animals once
more the following morning, and again noticed none were missing. 

 Appellants argue that when viewed in the light most favorable to them, the
circumstantial evidence establishes that "by process of elimination, the bull did not belong to anyone
else besides Color Star" and creates a fact issue as to whether Color Star was negligent. 
"Circumstantial evidence may raise a fact issue if, from the evidence, a reasonable person would
conclude that the existence of the fact is more reasonable than its nonexistence." Dagley v. Haag
Eng'g Co., 18 S.W.3d 787, 794 (Tex. App.--Houston [14th Dist.] 2000, no pet.). However, nothing
that appellants have provided suggests that a loose Color Star animal was responsible for appellants'
accident. There is no evidence indicating that Color Star was missing any of its cattle the night of
the accident. The investigator's report includes statements from only two landowners of at least
thirteen in the vicinity, who indicated that they were not missing any cattle on the night of the
accident. Other neighboring landowners, therefore, have not been eliminated as owners of the roving
bovine. Even viewing the evidence--i.e., the investigator's report, the fact that the accident occurred
in front of Color Star's property, and the fact that Color Star owned cows and a bull with access to
the highway--in the light most favorable to the appellants, at best appellants have created a mere
suspicion that Color Star may have owned the wandering cow or bull.

 Similarly, appellants have failed to put forth more than a scintilla of evidence
establishing that Color Star breached its duty by knowingly permitting an animal to roam on the
highway. By means of the photographs of the fence, appellants intimate that the fence must have
been in disrepair at the time of the accident, and Color Star must have since repaired it. However,
during his deposition, Verbeek denied making any repairs to the fence following the accident. 
Furthermore, from the record before us, it is impossible to determine when the photographs were
taken. Even if we were to assume that they accurately depict the condition of the fence as it exists
today, they create no more than a suspicion that the fence was in disrepair on the day of the accident
and repaired afterwards. Moreover, the only photo of any kind of gap in the fence depicts only a
small slit where a board split in two. Again, because the date that the photos were taken is
indeterminable, they create no more than a suspicion that this gap existed on the date of the accident. 
Nevertheless, assuming the gap in the fence did exist, this amounts to less than a scintilla of evidence
that a cow or bull could have escaped from that hole and then returned to the pasture through the
same hole between the time of the accident and when Verbeek checked on his cattle. 

 In sum, appellants produced no evidence sufficient to create a question of fact as to
whether Color Star owned or was responsible for the cow or bull roaming the highway on the date
of the accident nor as to whether Color Star knowingly permitted an animal to roam unattended