**Affirmed and Memorandum Opinion filed August 20, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-000362-CV

**KAREN GUISHARD, Appellant**

**V.**

**MONEY MANAGEMENT INTERNATIONAL, INC./CONSUMER CREDIT COUNSELING SERVICE, Appellee**

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 13-DCV-209271**

## M E M O R A N D U M   O P I N I O N

Pro se appellant Karen Guishard filed suit against Money Management International, Inc./Consumer Credit Counseling Service for breach of contract. Money Management filed a traditional and no-evidence motion for summary judgment, which the trial court granted. On appeal, Guishard contends that the trial court erred by granting Money Management's motion for summary judgment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Money Management is a full-service credit counseling agency.[1] Guishard entered into an agreement with Money Management regarding a debt management program. Money Management was responsible for negotiating Guishard's outstanding liabilities with various credit card companies. Guishard would send monthly payments to Money Management, which would in turn disburse payments among the lenders until the balance was paid in full.

On September 16, 2013, Guishard sued Money Management for breach of contract. Guishard alleged that Money Management failed to make payments to her creditors and to credit her account accordingly. Money Management served certified discovery requests, including requests for admissions, on January 14, 2014. Guishard personally signed for receipt of the requests on January 31. Money Management filed a traditional and no-evidence motion for summary judgment based on Guishard's deemed admissions and argued that there was no evidence to support at least two elements of her breach of contract claim. Guishard failed to respond to the discovery requests and failed to respond to the motion for summary judgment. The trial court granted Money Management's motion for summary judgment and signed a final judgment on May 1, 2014.

## ANALYSIS OF GUISHARD'S ISSUE

Because Guishard is proceeding pro se, we will liberally interpret the issues raised in her brief. Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable procedural rules. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *Brown v. Tex. Emp't Comm'n,*

---

[1] On appeal, Money Management complains that it was improperly named. However, the record reflects that the final judgment was signed against Money Management International, Inc./Consumer Credit Counseling Service.

2

801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied). Otherwise, pro se litigants would benefit from an unfair advantage over those parties who are represented by counsel. *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Here, our liberal interpretation of the issues raised by Guishard results in one basic complaint—the trial court erred by granting Money Management's motion for summary judgment.

Money Management asserted both traditional and no-evidence grounds in its motion for summary judgment. We review a trial court's decision to grant summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When, as here, the trial court does not specify the grounds for its grant of summary judgment, we must affirm the summary judgment if any of the theories presented to the court and preserved for appeal are meritorious. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). When a party files a hybrid summary judgment motion on both no-evidence and traditional grounds, we first review the trial court's judgment under the no-evidence standard of review. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

A no-evidence motion for summary judgment under Rule 166a(i) is essentially a motion for a pretrial directed verdict. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment should be sustained if: (1) there is a complete absence of proof of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3)

3

the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 793 (Tex. App.—Houston [14th Dist.] 2000, no pet.). In reviewing a grant of summary judgment, we will consider the evidence in the light most favorable to the nonmovant. *See Timpte Indus., Inc.*, 286 S.W.3d at 310.

A no-evidence motion "must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." *Id*. The underlying purpose of this requirement is to provide the opposing party with adequate information for opposing the motion, and to define the issues for the purpose of summary judgment. *Id*. at 311. The Texas Supreme Court has analogized this purpose to that of "fair notice" pleading requirements. *Id*.

Here, Money Management filed a motion for summary judgment alleging that Guishard had no evidence to support at least two essential elements of her breach of contract claim: that Money Management breached the contract or that she was damaged. Money Management's motion specifically listed two elements of the breach of contract claim. Money Management stated that Guishard had no evidence to support either of these elements. Thus, Money Management identified the elements as to which it contended there was no evidence, thereby giving Guishard "fair notice" of what it was challenging. We conclude that Money Management's no-evidence motion for summary judgment met the requirements of Rule 166a(i).

The trial court is required to grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. Tex. R. Civ. P. 166a(i). The nonmovant must produce summary judgment evidence raising a genuine issue of material fact to defeat the summary judgment under that

provision. Tex. R. Civ. P. 166a(i); *Ford Motor Co.*, 135 S.W.3d at 600.

Guishard failed to respond to the motion for summary judgment. The trial court granted Money Management's motion for summary judgment on April 8 and signed a final judgment on May 1. Guishard filed a document titled "response to defendant's request for discovery and reason for filing the notice of appeal" on May 19. Guishard has failed to provide us with a cogent reason as to why she waited until after judgment had been entered to respond to Money Management's dispositive motions or why the trial court erred by granting the no-evidence motion for summary judgment. *See McMahan v. Greenwood*, 108 S.W.3d 467, 499 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (noting that appellant failed to provide a cogent basis to link either the "interest of justice" or the trial court's alleged mistakes in considering additional evidence attached to his motion for new trial that may have defeated the motion for summary judgment).

When reviewing a summary judgment, we may only review what was presented before the trial court up to the summary judgment proceeding. *Circle X Land & Cattle Co., Ltd. v. Mumford Indep. Sch. Dist.*, 325 S.W.3d 859, 863 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *McMahan*, 108 S.W.3d at 500; *see also Hill v. Milani*, 678 S.W.2d 203, 205 (Tex. App.—Austin 1984), *affirmed*, 686 S.W.2d 610 (Tex. 1985) ("It is not an abuse of discretion for the trial court to refuse to consider material filed after the summary judgment hearing."). The record does not contain a motion or order granting leave of court to file an untimely response. *See* Tex. R. Civ. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). There is also no indication that the trial court considered the post-judgment document. Because the trial court did not review these documents, we need not consider them. *See Circle X Land & Cattle*

*Co., Ltd.*, 325 S.W.3d at 863; *McMahan*, 108 S.W.3d at 500.

Therefore, the trial court properly granted Money Management's no-evidence motion for summary judgment because Guishard failed to timely respond to produce any evidence. We affirm the trial court's grant of summary judgment on no-evidence grounds.

We overrule Guishard's issue.

## CONCLUSION

We overrule Guishard's issue and affirm the judgment of the trial court.

/s/     Ken Wise
         Justice

Panel consists of Justices Christopher, Donovan, and Wise.