Affirmed and Opinion filed ___, 2009









Affirmed
and Memorandum Opinion filed December 8, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-01023-CV

NO. 14-08-00060-CV

_______________

 

MICHAEL E. SHANLEY
AND VERONICA R. SHANLEY, Appellants

 

V.

 

FIRST
HORIZON HOME LOAN CORP., and DIGITAL DRAW NETWORK, INC., Appellees

                                                                                                                          
                                                                                               

On Appeal from the
334th District Court

Harris County, Texas

Trial Court Cause
Nos. 2005-70108-A & 2005-70108-B

                                                                                                                                                                                                                             


 

M E M O R A N D U M  O P I N I O N








In this consolidated appeal, appellants Michael and
Veronica Shanley (“the Shanleys”) appeal the summary judgments granted by the
trial court[1]
in favor of appellees First Horizon Home Loan Corp. (“First Horizon”) and
Digital Draw Network, Inc. (“Digital Draw”) (collectively “appellees”).  We
affirm.

                                                             I. 
BACKGROUND

A.        Factual History 

On October 30, 2003, the Shanleys and George Milner
d/b/a G. William Custom Homes (“Milner”) entered into a contract for the
construction of a custom home in the Commons of Lake Houston subdivision in Harris County.  On December 31, 2003, the Shanleys contracted with First Horizon, a
construction lender, to finance the purchase of the real estate and the
building of their home.

Under the finance agreement, First Horizon was
responsible for, among other things, disbursing the loan proceeds to Milner for
construction-related costs, fees, material, and labor.  In addition to
submitting draw requests, Milner was required to furnish a disbursement
statement listing the subcontractors and suppliers whom he intended to pay from
the requested funds.  First Horizon hired Digital Draw, a construction draw
inspection service, to perform inspections during the construction process.  

The Shanleys ultimately had a dispute with Milner,
and he abandoned the project.  They subsequently selected Hazel Sledge
Contracting (“Sledge”) to complete the construction of their home.  In November
2004, the Shanleys, First Horizon, and Sledge executed an agreement reflecting
First Horizon’s approval of Sledge as the replacement contractor.  The
assumption agreement also contained a purported release of the Shanleys’ potential
claims against First Horizon.  Construction of the Shanleys’ home was completed
in February 2005.

B.        Procedural History

On October 31, 2005, the Shanleys sued First Horizon
and Digital Draw, among others, alleging negligence, gross negligence, and
violations of the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code Ann. § 17.46 (Vernon Supp. 2009) (“DTPA”)
related to the disbursements for the project.  The Shanleys also asserted a
breach of contract claim against First Horizon and later amended their petition
to add a claim for negligent misrepresentation against both appellees.

After many months of limited discovery activity by
the parties, the defendants deposed Michael Shanley on February 27, 2007, and
Veronica Shanley on March 22, 2007.  On April 2, 2007, the defendants filed a
motion to enlarge time for Veronica Shanley’s deposition due to her alleged
non-cooperation during the original deposition.  The trial court granted the
motion, and defendants deposed Veronica Shanley again on May 14, 2007.  On May
24, 2007, defendants filed a joint motion for discovery sanctions and motion to
compel completion of Veronica Shanley’s deposition which were set for hearing
on June 1, 2007.  On May 29, 2007, the Shanleys filed their response to
defendants’ motions as well as their own cross-motions for discovery sanctions
and to compel discovery.  On May 30, 2007, the Shanleys filed a motion for
expedited hearing on their cross-motions, requesting that the court consider their
motions at the June 1 hearing.  On June 1, 2007, the court conducted a hearing
on defendants’ motions and the Shanleys’ cross-motions.

Digital Draw and First Horizon filed their motions
for summary judgment on June 1 and 20, 2007, respectively.  On June 22, 2007,
the Shanleys filed a letter with the trial court noting that the court had not
yet ruled on the matters raised at the June 1 hearing and submitting a proposed
order granting their motion to compel discovery.  On June 29, 2007, the
Shanleys filed a verified motion for continuance of the summary judgment
hearing and moved for an expedited hearing on the motion.  On July 6, 2007, the
Shanleys filed their response to appellees’ summary judgment motions and an
amended motion for continuance to which First Horizon filed written objections.

On July 13, 2007, the trial court conducted a hearing
on the summary judgment motions and the amended motion for continuance, and
sustained First Horizon’s written objections to some of the Shanleys’ summary
judgment and continuance evidence.  On July 16, 2007, the trial court granted
First Horizon and Digital Draw’s motions for summary judgment and denied the
Shanleys’ amended motion for continuance.  

In her order simultaneously denying the Shanleys’
motion for continuance and granting the defendants’ motions for summary
judgment, Judge McCally noted:

By
its motion for summary judgment Defendant [First Horizon] urges that Plaintiffs
have released their claims.  Plaintiffs do not contest signing the release at
issue; rather, Plaintiffs urge that there may be defenses to the release . . .
revealed in discovery.  However, Plaintiffs provide no admissible summary
judgment evidence on these defenses, though such is within the possession of
Plaintiffs.

 

By
its motion for summary judgment Defendant [Digital Draw] urges that its
relationship in the transaction was not with the Plaintiffs, but was with the
construction lenders.  Plaintiffs have failed to raise a genuine issue as to
material fact on the issues raised by the motion. 

 

She also specifically noted
that the Plaintiffs had failed to demonstrate the materiality of the discovery
sought by way of their motion for continuance or its prior unavailability.

First Horizon and Digital Draw subsequently filed
motions to sever the judgment.  On August 12, 2007, the Shanleys moved for
leave to amend their petition and filed a motion for reconsideration of the
summary judgments granted to appellees.  On November 2, 2007, the trial court
denied the Shanleys’ motions to amend and for reconsideration, and granted
First Horizon and Digital Draw’s motions to sever.  The Shanleys timely
appealed.

II. 
STANDARDS OF REVIEW

To be entitled to traditional summary judgment, a
defendant must conclusively negate at least one essential element of each of
the plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910,
911 (Tex. 1997); Brown v. Hearthwood II Owners Ass’n, 201 S.W.3d 153,
159 (Tex. App.—Houston [14th Dist] 2006, pet. denied).  In reviewing a
traditional summary judgment, we examine the entire record in the light most
favorable to the non-movant, indulging every reasonable inference and resolving
any doubts against the motion.  Yancy v. United Surgical Partners Int’l,
Inc., 236 S.W.3d 778, 782 (Tex. 2007).

The standard of review for a motion to reconsider a
prior summary judgment is whether the trial court abused its discretion.  Macy
v. Waste Mgmt., Inc., 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.]
May 28, 2009, no pet. ).  We also employ an abuse of discretion standard to
review a trial judge’s discovery rulings, see Gen. Tire, Inc. v. Kepple,
970 S.W.2d 520, 526 (Tex. 1998), the denial of a motion for continuance, BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex. 2002), the
denial of a motion for leave to amend pleadings, see Tex‑Air
Helicopters, Inc. v. Galveston County Appraisal Review Bd., 76 S.W.3d 575,
581 (Tex. App.—Houston (14th Dist.) 2002, pet. denied), and the exclusion of
expert testimony,  McIntyre v. Ramirez, 109 S.W.3d 741, 749–50 (Tex.
2003).  A trial judge abuses her discretion only when she makes a decision
without reference to any guiding rules or principles.  Garcia v. Martinez,
988 S.W.2d 219, 222 (Tex. 1999).

III.
ANALYSIS

A.        The Shanleys’ Motion to Compel Discovery

In issue one as to First Horizon and issue two as to
Digital Draw, the Shanleys contend that the trial court improperly rendered
summary judgment to appellees while the Shanleys’ motion to compel discovery
was pending.  They argue that the trial court should have ruled upon their
motion prior to ruling upon appellees’ summary judgment motions.[2]

We initially consider First Horizon’s argument that
the Shanleys have waived this issue on appeal because they did not set their
motion to compel for hearing or submission until after the trial court granted
summary judgment to appellees, never obtained a ruling on their motion, and
failed to object to the trial court’s failure to rule.[3]  Contrary to First
Horizon’s contentions, on May 30, 2007, the Shanleys filed a motion for
expedited hearing on their motion to compel requesting that it be considered at
the June 1 hearing.  Further, a review of the record shows that the court did,
in fact, consider the Shanleys’ motion to compel at the June 1 hearing.  

With regard to First Horizon’s assertion that the
Shanleys did not obtain a ruling on their motion or object to the court’s
failure to rule, we note that the Shanleys brought the lack of a ruling to the
court’s attention on at least two occasions.  First, in their letter to the
court dated June 22, 2007, the Shanleys stated that the court had not yet ruled
on the matters raised at the June 1 hearing and submitted a proposed order
granting their motion to compel discovery.  Second, in their motion for
expedited hearing on their motion for continuance filed on June 29, 2007, the
Shanleys stated that they were awaiting a ruling on their motion to compel
discovery.  We therefore find that the Shanleys preserved this issue for our
review.[4]
 On appeal, the Shanleys state that their motion to compel sought the
depositions of defendants regarding (1) the draw request and inspection
process, and (2) whether defendants had complied with their policies and
procedures.  They argue that at the time they entered the original finance
agreement, First Horizon represented that certain policies and procedures would
be followed—including the proper performance of inspections to confirm that
disbursements were not made for work that was not complete—and that copies of
the draw requests and inspection reports had been discarded.  They further
assert that First Horizon’s representations induced them to execute the ultimate
agreement containing the release.  It is thus apparent that the Shanleys sought
the additional discovery to support a defense of fraudulent inducement to
enforcement of the release.

However, as was noted by Judge McCally, the Shanleys
did not even plead fraudulent inducement until July 30, 2007—two weeks after
the trial court granted First Horizon and Digital Draw’s summary judgment
motions.  See Tex. R. Civ. P. 94
(“In pleading to a preceding pleading, a party shall set forth affirmatively
... fraud ... and any other matter constituting an avoidance or affirmative
defense.”); Williams v. Glash, 789 S.W.2d 261, 264 (Tex. 1990); see
also DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 688 (Tex. 1990)
(noting fraudulent inducement is type of fraud claim and shares same elements
as simple fraud claim).  Having failed to plead fraudulent inducement (or any
other affirmative defense) to First Horizon’s defense of release prior to the
granting of summary judgment, the discovery sought by the Shanleys was not
material to any claim or defense asserted in the case.  Consequently, we cannot
conclude that the trial court abused its discretion in granting summary
judgment to appellees while the Shanleys’ motion to compel was pending.  Issue
one as to First Horizon and issue two as to Digital Draw are overruled.

B.        The Shanleys’ Motion for Continuance 

In issue three as to First Horizon and issue four as
to Digital Draw, the Shanleys argue that the trial court abused its discretion
by denying their amended verified motion for continuance.

Digital Draw and First Horizon filed their motions
for summary judgment on June 1 and 20, 2007, respectively.  On July 6, 2007,
the Shanleys filed an amended verified motion for continuance in which they
argued that they had been denied an adequate opportunity to conduct discovery to
prepare their expert reports and respond to defendants’ summary judgment
motions.  On July 13, 2007, the trial court conducted a hearing on appellees’
summary judgment motions and the Shanleys’ motion for continuance.  On July 16,
2007, the trial court granted summary judgment to appellees and denied the
Shanleys’ motion for continuance.  In denying the motion, the trial judge
explicitly stated in her order: 

Plaintiffs have
neither demonstrated (a) the materiality of the discovery sought to the
issues raised by the summary judgments (b) nor the unavailability of most
of the evidence (i.e. disclosures to Plaintiffs at the time they signed the
Involuntary Appointment and Assumption Agreement) which is within the
possession of the Plaintiffs, but not supplied as timely, admissible summary
judgment evidence.[5]

 

In determining whether a trial court abused its
discretion in denying a motion for continuance seeking additional time to
conduct discovery, courts have considered the following non-exclusive factors:
(1) the length of time the case has been on file; (2) the materiality and
purpose of the discovery sought; and (3) whether the party seeking the
continuance has exercised due diligence to obtain the discovery sought.  See
Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004); Duerr
v. Brown, 262 S.W.3d 63, 78 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

The first factor is the length of time the case has
been on file.  Here, the original petition was on file for approximately nineteen
months when Digital Draw and First Horizon filed their summary judgment
motions, with several months in between subject to abatement, allowing the
parties more than a year to conduct discovery.  Thus, the length of time this
case had been on file does not suggest an abuse of discretion.  See Duerr,
262 S.W.3d at 78 (concluding trial court acted within its discretion in denying
plaintiff’s motion for continuance where one year passed between filing of
petition and end of discovery period); Perrotta v. Farmers Ins. Exch.,
47 S.W.3d 569, 576 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (determining
trial court did not abuse its discretion in denying plaintiff’s motion for
continuance where case had been on file seven months when defendant filed its
summary judgment motion); cf. Levinthal v. Kelsey-Seybold Clinic, P.A.,
902 S.W.2d 508, 512 (Tex. App.—Houston [1st Dist.] 1994, no writ) (holding
trial court abused its discretion when case had been on file for only three
months, the discovery sought was material to the plaintiff's claims, and the
plaintiff exercised due diligence in obtaining discovery).

The second factor to consider is the materiality and
purpose of the discovery sought.  When the basis for the requested continuance
is want of testimony, as in this case, the movant must show that (1) the
testimony is material; (2) due diligence has been used to obtain the testimony;
(3) there is an explanation given for the failure to obtain the testimony; and
(4) the testimony cannot be procured from another source.  See Tex. R. Civ. P. 252; Blake v. Lewis,
886 S.W.2d 404, 409 (Tex. App.—Houston [1st Dist.] 1994, no writ) (proponent of
a motion for continuance should state what specific discovery is material and
show why it is material).  Although the Shanleys asserted in their motion the
need to conduct additional discovery, they failed to state specifically what
the additional discovery would demonstrate or specifically why it would be
material to claims and defenses asserted in the case.  

Moreover, as previously discussed, the Shanleys
apparently sought the additional discovery to support a defense of fraudulent
inducement to enforcement of the release.[6] 
However, at the time they filed their motion for continuance, they had not even
pleaded fraudulent inducement or any other affirmative defense to First
Horizon’s defense of release.  Having failed to do so, the trial court was
within its discretion  in concluding that the discovery the Shanleys sought was
not material to any claim or defense raised in the pleadings.

The third factor is the diligence exercised by the
party seeking a continuance.  The failure of a litigant to diligently utilize
the rules of civil procedure for discovery purposes will not authorize the
granting of a continuance.  State v. Wood Oil Distrib., Inc., 751 S.W.2d
863, 865 (Tex. 1988).  In their motion for continuance, the Shanleys argued
that since expiration of the abatement in January 2007, the defendants had
refused to produce their clients for deposition until the Shanleys’ depositions
were completed.  However, the Shanleys had approximately nine months to engage
in discovery before the case was abated, and they offer no explanation as to
why discovery was not conducted during that time.  See id. (concluding a
party’s inability to depose opponents because it failed to act timely is a predicament
of its own making and the risk the party takes by not diligently pursuing
discovery).  Moreover, they could have sought an order compelling discovery at
any time in the face of a refusal to respond to valid discovery requests.  Tex.
R. Civ. P.  215.1.   

Under these circumstances, we cannot say that the
trial court lacked the discretion  to deny the Shanleys’ motion for
continuance.  Issue three as to First Horizon and issue four as to Digital Draw
are overruled.

C.        The Shanleys’ Motion for Reconsideration

In issue two as to First Horizon and issue three as
to Digital Draw, the Shanleys contend that the trial court abused its
discretion in refusing to consider all of the documentary and affidavit
evidence submitted with their motion for reconsideration.

After a court grants a summary judgment motion, the
court generally has no obligation to consider further motions on the issues
adjudicated by the summary judgment.  Macy, 294 S.W.3d at 651 (quoting Kelly
v. Gaines, 181 S.W.3d 394, 416 (Tex. App.—Waco 2005), rev’d on other
grounds, 235 S.W.3d 179 (Tex. 2007)).  The standard of review for a motion
to reconsider a prior summary judgment is whether the trial court abused its
discretion.  Id.  

The trial court rendered summary judgment in favor of
First Horizon and Digital Draw on July 16, 2007.  On August 14, 2007, the
Shanleys filed their motion to reconsider the summary judgments to which they
attached the following exhibits: (1) the Shanleys’ deposition transcripts; (2)
Milner’s depositions transcript; (3) the deposition transcript of Teresa
Stolarz, an inspector; (4) an exhibit from Milner’s deposition; (5) the
Shanleys’ affidavits; (6) the affidavit of Shavauna Morgenroth; and (7) the
affidavit of John Bujanos.[7] 
In their motion, they argued that at the time they responded to the summary
judgment motions, the transcript of Milner’s deposition was unavailable and
that First Horizon was “threatening to sever” before the Shanleys could depose
Stolarz.

On August 17, 2007, the trial court held a hearing on
the Shanleys’ motion to reconsider.  In its November 2, 2007 order denying the
motion, the court stated

Pending
before the Court is the Motion to Reconsider Summary Judgments Granted to First
Horizon Home Loan Corporation and Digital Draw Network, Inc.  The stated basis
for the motion is the unavailability of the deposition transcript of the
contractor George Milner and the post-summary judgment deposition of Teresa
Stolarz.

The
Court has reviewed the motion for reconsideration; responses thereto;
admissible summary judgment evidence proffered at the time of the original
motions; the Court’s July, 2007 order.  The Court has also reviewed the
deposition testimony of Milner and Stolarz.  The Court declines to consider any
other documentary or affidavit evidence submitted with Plaintiffs[’] motion for
reconsideration as Plaintiffs do not urge that such evidence was not available
at the time of the original summary judgment proceeding.

Having
considered the Motion for Reconsideration, the Court determines that it should
be DENIED as the new evidence from Milner and Stolarz does not raise a genuine
issue of material fact to defeat the prior motions.

 

On appeal, the Shanleys challenge the trial court’s
decision to consider only Milner and Stolarz’s deposition testimony.  In refusing
to consider the additional evidence submitted with the motion, the court
explained that its refusal to do so was based on the Shanleys’ failure to show
that the evidence at issue was not available at the time of the summary
judgment proceeding.  Indeed, the Shanleys’ affidavits and deposition
testimony, the affidavits of their expert witness and the court reporter, and
an exhibit from Milner’s deposition, were available to the Shanleys before the
trial court rendered summary judgment, and the Shanleys never argued otherwise
in their motion.[8] 


We cannot conclude that the trial court abused its
discretion by refusing to consider this evidence.  See Macy, 294 S.W.3d
at 651 (concluding trial court did not abuse its discretion in refusing to
reconsider summary judgment granted to employer where employee’s motion for
reconsideration was based on evidence and arguments available to employee
before trial court rendered summary judgment order); Kelly, 181 S.W.3d
at 416 (finding no abuse of discretion where trial court refused to reconsider
summary judgment granted in favor of appellee where appellant cited no
additional evidence “beyond that available to him” when court rendered summary
judgment).  Issue two as to First Horizon and issue three as to Digital Draw
are overruled.

D.        The Shanleys’ Expert Witness Affidavit

In issue four as to First Horizon and issue five as
to Digital Draw, the Shanleys contend that the trial court abused its
discretion by striking the affidavit of their expert.  A conclusory
statement of an expert witness is insufficient to create
a question of fact to defeat summary judgment.  McIntyre, 109 S.W.3d at
749–50.  The party offering the expert affidavit must establish that the expert
has knowledge, skill, experience, training or education regarding the specific
issue before the court which would qualify the expert to give an opinion on the
particular subject.  Broders v. Heise, 924 S.W.2d 148, 152–53 (Tex.
1996).  We review a trial court’s exclusion of expert testimony for an abuse of
discretion.  McIntyre, 109 S.W.3d at 749.

As an exhibit to their amended motion for continuance
and their responses to appellees’ summary judgment motions, the Shanleys
attached the affidavit of their expert, Charles “Rusty” Williams.  First
Horizon and Digital Draw objected to Williams’s affidavit as summary judgment
evidence, and the trial court sustained the objections and struck the
affidavit. 

In his affidavit, Williams stated that he would
testify regarding construction lending and general banking practices.  However,
most of the substance of his affidavit was devoted to the suggestion that
additional discovery was necessary to establish the duties owed by the
defendants as well as to determine their relevant knowledge and conduct.  The
existence of a duty, however, is a question of law.  Van Horn v. Chambers,
970 S.W.2d 542, 544 (Tex. 1998) (noting existence of duty is a threshold
question of law).  An expert is not competent to give an opinion or state a
legal conclusion regarding a question of law because such a question is
exclusively for the court to decide.  Nat’l Convenience Stores Inc. v.
Matherne, 987 S.W.2d 145, 149 (Tex. App.—Houston [14th Dist.] 1999, no
pet.).  Similarly, the proper scope of discovery is a matter for the sound
discretion of the trial court.  Tex. R. Civ. P. 192.4.  These are not generally
matters appropriate for expert testimony.

Accordingly, we cannot say the trial court abused its
discretion in striking Williams’s affidavit.  Issue four as to First Horizon
and issue five as to Digital Draw are overruled.

E.        The Shanleys’ Motion for Leave to Amend

In issue five as to First Horizon and issue six as to
Digital Draw, the Shanleys contend that the trial court abused its discretion
by denying its motion for leave to amend its pleadings.

On August 12, 2007—nearly one month after the trial
court signed its order granting summary judgment to appellees—the Shanleys
filed a motion for leave with the court to amend their petition and answer to
counterclaims.  Specifically, the Shanleys sought to add the affirmative
defense of fraud based on newly discovered facts.  The trial court denied the
Shanleys’ motion contemporaneously with its order denying their motion for reconsideration.

Texas Rule of Civil Procedure 166a(c) provides that
the trial court should render summary judgment based on the pleadings on file
at the time of the hearing.  Tex. R.
Civ. P. 166a(c).  Once the hearing date on the motion for summary
judgment has passed, but before the court signs a judgment, a party must obtain
a written order from the trial court granting permission to file an amended
pleading.  Id.  However, a trial court cannot grant a motion to amend
the pleadings once the court renders judgment.  Prater v. State Farm Lloyds,
217 S.W.3d 744, 746 (Tex. App.—Dallas 2007, no pet.) (holding trial court erred
in permitting trial amendment after court signed final judgment); Mitchell
v. LaFlamme, 60 S.W.3d 123, 133 (Tex. App.—Houston [14th Dist.] 2000, no
pet.) (same).  

Here, the Shanleys did not file their motion for
leave to amend until after the trial court had signed an order granting summary
judgment to appellees.  Thus, the trial court did not err in denying the
Shanleys’ motion to amend its pleadings.  Issue five as to First Horizon and
issue six as to Digital Draw are overruled.

F.        Summary Judgment

In issue six as to First Horizon and issue one as to
Digital Draw, the Shanleys contend that the trial court erred in granting
summary judgment to appellees.  We separately address this contention as it
relates to each appellee below.

1.         First Horizon

On appeal, the Shanleys contend that the trial court
erred in granting summary judgment to First Horizon because the evidence raised
significant fact issues.  However, the Shanleys offer no analysis or argument
in support of their position.  Instead, they simply reiterate points previously
raised in their brief.  First, the Shanleys argue that the appellees filed
their summary judgment motions before they were permitted to conduct
discovery.  We have previously discussed this issue as it relates to the
Shanleys’ motion to compel discovery and, therefore, need not address it again
here.  Next, they complain that in granting First Horizon’s summary judgment
motion, the trial court refused to consider new documentary and affidavit
evidence.  However, the new evidence to which they refer was not offered until
after the court granted summary judgment.  See Basin Credit Consultants,
Inc. v. Obregon, 2 S.W.3d 372, 374 (Tex. App.—San Antonio 1999, pet.
denied) (noting a trial court may consider only summary judgment evidence on
file at the time of the summary judgment hearing or filed thereafter and before
the judgment with the permission of the court); Hussong v. Schwan’s Sales
Enters., Inc., 896 S.W.2d 320, 323 (Tex. App.—Houston [1st Dist.] 1995, no
writ).  Moreover, we previously addressed this issue as it relates to the
Shanleys’ motion for reconsideration and, thus, need not address it again here.

The Shanleys also argue that Stolarz’s affidavit
contradicted her deposition testimony thereby creating a fact issue that
precluded summary judgment.  However, the Shanleys ignore the fact that neither
Stolarz’s affidavit nor her deposition testimony was evidence that the trial
court had before it when considering appellees’ summary judgment motions. 
Instead, this evidence was first filed with the Shanleys’ motion for
reconsideration and only after the trial court had granted
summary judgment to appellees.  As noted above, absent leave of court, the
Shanleys’ late-filed evidence may not be considered as part of the summary
judgment record.  See Benchmark Bank v. Crowder, 919 S.W.2d 657,
663 (Tex. 1996).  Our review is limited to the evidence on file at the time of
the summary judgment hearing date.  See Waddy v. City of Houston, 834
S.W.2d 97, 101 (Tex. App.—Houston [1st Dist.] 1992, writ denied).  

By offering no substantive analysis or evidence in their
brief in support of their argument that the trial court erred in granting
summary judgment to First Horizon, the Shanleys have arguably waived this issue
on appeal.  See Tex. R. App. P. 38.1(i)
(providing that appellant’s brief must contain clear and concise argument for
contentions made, with appropriate citations to authorities and record); Brown,
201 S.W.3d at 161 (noting failure to either cite authority or advance
substantive analysis waives issue on appeal).  However, in an abundance of
caution, we consider the arguments raised in their summary judgment response.

In its summary judgment motion, First Horizon
challenged all of the Shanleys’ claims against it based on a release.  The
release, contained in the Involuntary Appointment and Assumption Agreement
executed by the Shanleys, First Horizon, and the replacement contractor in
November 2004, states as follows:

Further, it is
expressly agreed that, for and in consideration of this Agreement and Lender’s
consent to the appointment of Hazel Sledge Contracting, Builder as the
replacement contractor under the Contract, Borrower hereby releases and forever
discharges Lender ... from all causes of action, losses, damages, claims,
rights, and controversies, known or unknown, which Borrower had, now has, or
may hereafter acquire which relate to, are based on, arise out of, or are in
any way connected with any acts of Lender ... occurring prior to the execution
of this Agreement and relating in any manner to the Contract, the Loan
Documents or the Property or the transaction the subject thereof.  This is a
general release of all possible claims and causes of action of every kind and
character related to the above described subject matter and is to be
interpreted liberally to effectuate maximum protection of Lender and its above
defined affiliates. 

 

A release, valid on its face, is, until set aside, a
complete bar to any action based on matters covered in the release.  See McMahan
v. Greenwood, 108 S.W.3d 467, 478 (Tex. App.—Houston [14th Dist.] 2003, no
pet.); Deer Creek Ltd. v. N. Am. Mortgage Co., 792 S.W.2d 198, 201 (Tex.
App.—Dallas 1990, no writ).  In a summary judgment context, once a release is
properly pleaded, the burden shifts to the other party to offer proof that the
release should be set aside.  See Sweeney v. Taco Bell, Inc., 824 S.W.2d
289, 291 (Tex. App.—Fort Worth 1992, writ denied); Deer Creek Ltd., 792
S.W.2d at 201.  First Horizon pleaded the affirmative defense of release in
their first amended answer.  Thus, the burden shifted to the Shanleys to prove
that the release should be set aside.    

In attempting to defeat application of the release,
the Shanleys advanced four arguments: (1) fraud; (2) lack of consideration; (3)
unconscionability; and (4) the release was ineffective to release all of the
Shanleys’ causes of action.  A party relying on a matter constituting an
avoidance or affirmative defense must specifically plead the defense.  See Tex. R. Civ. P. 94; Roark v.
Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991); see
also First Bank of Deer Park v. Harris Co., 804 S.W.2d 588, 593 (Tex.
App.—Houston [1st Dist.] 1991, no writ) (noting that in order to rely on
affirmative defense, non-movant to summary judgment was required to plead
defense and raise fact issue about it).  Texas Rule of Civil Procedure 94 lists
fraud and lack of consideration as defenses that must be pleaded.  Tex. R. Civ. P. 94.  Further, an
allegation that a provision in a contract is unconscionable is a matter in the
nature of an avoidance which must be pleaded.  See Posey v. Sw. Bell Yellow
Pages, Inc., 878 S.W.2d 275, 281 (Tex. App.—Corpus Christi 1994, no writ). 


However, a review of the Shanleys’ live pleadings at
the time of the summary judgment hearing reveals that they did not assert
fraud, lack of consideration, or unconscionability as a defense to the release. 
In light of their failure to do so, we may not consider those issues as grounds
for reversal on appeal.  See Posey, 878 S.W.2d at 281.

In their response, the Shanleys also asserted that
the release was ineffective to release all of their claims against First
Horizon.  Specifically, they argue that the language “[t]his is a general
release of all possible claims and causes of action of every kind and character
related in any manner to [the Contract, the loan documents, or the Property or
the transaction the subject thereof]” fails to provide enough specificity to
allow them to determine which claims they are releasing.  In support of their
position, the Shanleys cite to Victoria Bank & Trust Co. v. Brady,
811 S.W.2d 931, 938 (Tex. 1991).  

In Brady, the Texas Supreme Court stated that
in order to effectively release a claim, the releasing instrument must
“mention” the claim to be released.  See Victoria Bank & Trust Co., 811
S.W.2d at 938.  The agreement at issue in that case purported to release all claims
attributable to a specific loan transaction between a bank and its customer.  See
id. at 939.  In subsequent litigation between these parties, the customer
raised claims relating to another transaction with the bank, and the bank
raised the release in defense.  See id.  In rejecting the bank’s
defense, the Texas Supreme Court noted that the parties’ agreement plainly
limited itself to the specific loan and thus did not cover the other
transaction.  See id.

Subsequently, in Keck, Mahin & Cate v. Nat’l Union
Fire Ins. Co., 20 S.W.3d 692, 697 (Tex. 2000), the Court considered whether
an insured’s release of attorneys was limited to unpaid fees or applied to all
malpractice claims attributable to legal services rendered during a specified
period.  See Keck, Mahin & Cate, 20 S.W.3d at 697.  The Keck Court
concluded that its decision in Brady did not control the construction of
the release at issue.  See id. at 698.  In doing so, it stated

The present release
is clearly broader than the one in Brady.  It is not expressly limited
to a specific claim or transaction but rather purports to cover “all demands,
claims or causes of action of any kind whatsoever.”  Nothing in Brady forbids
such a broad-form release.  Brady simply holds that the release must “mention”
the claim to be effective. . . . It does not require that the parties
anticipate and identify each potential cause of action relating to the
release’s subject matter.

Id.

As in Keck, the release here is not expressly
limited to a specific claim or transaction but purports to cover “all possible
claims and causes of action of every kind and character related in any manner
to [the Contract, the loan documents, or the Property or the transaction the
subject thereof]” that “relate to, are based on, arise out of, or are in any
way connected with any acts of Lender ... occurring prior to the execution of
this Agreement.”  At the time of the summary judgment hearing, the Shanleys’
claims against First Horizon consisted of negligence, gross negligence, negligent
misrepresentation, breach of contract, and violations of the DTPA.  All of
these claims are based on acts allegedly occurring prior to the Shanleys’
execution of the assumption agreement.  We agree with the trial court that the
language in the release is sufficient to release all of the Shanleys’ claims
against First Horizon.  Issue six as to First Horizon is overruled.

2.         Digital Draw

The Shanleys contend that the trial court erred in
granting summary judgment to Digital Draw.  Specifically, they contend that
genuine issues of material fact exist with regard to their claims of
negligence, DTPA violations, and negligent misrepresentation that preclude
summary judgment.

As a preliminary matter, we address Digital Draw’s
contention that the Shanleys challenge only the summary judgment granted on
their negligent misrepresentation claim and have thus waived any argument as to
the summary judgment granted on their negligence and DTPA claims.  In
subsection (A) under issue one of their appellate brief, the Shanleys argue
that “lack of privity” and “no relationship” were inadequate grounds upon which
to grant summary judgment to Digital Draw.  In its summary judgment motion,
Digital Draw argued that, absent a special relationship with the Shanleys, it
owed no duty to them.  Digital Draw made this argument in the context of the
Shanleys’ negligence claim and did not address the remaining elements of a
negligence cause of action.  Thus, we read the Shanleys’ argument on appeal
that the lack of privity or a special relationship with Digital Draw is an
insufficient ground upon which to render summary judgment as a challenge to the
summary judgment granted on their negligence claim.

However, the Shanleys have waived any argument
challenging the summary judgment granted on their DTPA claim.  In its summary
judgment motion, Digital Draw argued that the Shanleys’ DTPA claim must fail
because (1) the Shanleys were not consumers; (2) Digital Draw made no
representations to the Shanleys; and (3) the Shanleys did not justifiably rely
upon any representation by Digital Draw.[9] 
The Shanleys do not address any of these arguments in their appellate brief. 
Having failed to do so, they have waived this issue on appeal.  See Brown,
201 S.W.3d at 161 (noting failure to adequately brief an issue, either by
failing to specifically argue and analyze one’s position or provide authorities
and record citations, waives any error on appeal).  We therefore consider the
summary judgment granted to Digital Draw on the Shanleys’ negligence and negligent
representation claims.

(a) Negligence

A cause of action for negligence has three elements:
(1) a legal duty owed by one person to another; (2) a breach of that duty; and
(3) damages proximately resulting from the breach.  Lee Lewis Constr., Inc.
v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001).  The threshold issue in a
negligence case is whether the defendant owed a duty to the plaintiff.  See
Thapar v. Zezulka, 994 S.W.2d 635, 637 (Tex. 1999).

In their summary judgment motion, Digital Draw argued
that it did not owe the Shanleys a duty because it was hired by First Horizon,
not the Shanleys, to provide inspection services.  In support of its position,
Digital Draw relied on Dear v. Scottsdale Ins. Co., 947 S.W.2d 908 (Tex.
App.—Dallas 1997, writ denied), overruled on other grounds by Apex Towing
Co. v. Tolin, 41 S.W.3d 118, 122–23 (Tex. 2001), and Muniz v. State Farm
Lloyds, 974 S.W.2d 229, 236 (Tex. App.—San Antonio 1998, no pet.).[10]  In their summary
judgment response and on appeal, the Shanleys contend that Dear and Muniz
are distinguishable because they involved contracts of insurance and the
limitations on claims an insured can bring against its carrier, or a contractor
or independent adjuster retained and paid by the insurance carrier.  We agree
that these cases are inapposite for the reasons stated and do not support
Digital Draw’s contention.

In their summary judgment response, the Shanleys
asserted two alternative grounds in support of their contention that Digital
Draw owed a duty to them.  First, they argued that the fact that they paid for
Digital Draw’s inspection services created a relationship giving rise to
certain duties, including the duty to exercise reasonable care in the
performance of those services.[11] 
In support of their argument, the Shanleys relied on Colonial Sav. Ass’n v.
Taylor, 544 S.W.2d 116 (Tex. 1976), for application of the rule that

“[o]ne who
undertakes, gratuitously or for consideration, to render services to another
which he should recognize as necessary for the protection of the other’s person
or things, is subject to liability to the other for physical harm resulting
from his failure to exercise reasonable care to perform his undertaking, if

 

(a) his failure to
exercise such care increases the risk of such harm, or

 

(b) the harm is
suffered because of the other’s reliance upon the undertaking.

 

Colonial Sav. Ass’n, 544 S.W.2d 116, 120 (quoting Restatement
(Second) of Torts § 323 (1965)).

The Shanleys’ reliance on Taylor is
misplaced.  In Taylor, a property owner sued a lienholder to recover for
the lienholder’s failure to obtain insurance on one of the two buildings on his
property which was substantially damaged by fire.  See id. at 117.  The
court noted that because the jury had found that the lienholder had undertaken
to provide insurance coverage for both houses, “[i]t necessarily follows that
[the lienholder], having undertaken to obtain coverage, had a duty to exercise
reasonable care to perform this undertaking.”  Id. at 120.  Here, by
contrast, Digital Draw never undertook to render services to the Shanleys. 
Rather, First Horizon hired Digital Draw to perform inspection services. 
Further, section 323 quoted above contemplates that physical harm to a person
or person’s things results from the undertaking, as illustrated by the physical
damage to the building in Taylor.  Here, however, there is no evidence
of physical damage to the Shanleys or their home; rather, their complaint is
one of pecuniary loss only.

Next, the Shanleys argued that even if they had not
paid for the services, Digital Draw still owed them a duty as third-party
beneficiaries of those services.  They rely on C&H Nationwide, Inc. v.
Thompson, 810 S.W.2d 259, 266–67 (Tex. App.—Houston [1st Dist.] 1991), rev’d
on other grounds, 903 S.W.2d 315 (Tex. 1994) for the proposition that “a
duty arises when a person’s conduct poses a foreseeable risk to another that
could be avoided by the exercise of ordinary care.”  C&H Nationwide, Inc.,
at 266.[12] 
Section 324A of the Restatement (Second) of Torts defines the scope of the duty
owed by one undertaking a task necessary for the protection of a third party as
follows:

One
who undertakes ... to render services to another which he should recognize as
necessary for the protection of a third person ... is subject to liability to
the third person for physical harm resulting from his failure to exercise
reasonable care to protect his undertaking, if

 

(a) his failure to
exercise reasonable care increases the risk of such harm, or 

 

(b) he has
undertaken to perform a duty owed by the other to the third person, or

 

(c) the harm is
suffered because of reliance of the other or the third person upon the
undertaking.

 

Restatement (Second) of Torts § 324A (1965).  Similar to section 323 of the
Restatement, section 324A requires physical harm to the third person or his
things.  See id. at cmt. B (“This Section applies to any undertaking to
render services to another, where the actor’s negligent conduct in the manner
of performance of his undertaking, or his failure to exercise reasonable care
to complete it, or to protect the third person when he discontinues it, results
in physical harm to the third person or his things.”); see also Seay
v. Travelers Indem. Co., 730 S.W.2d 774, 776 (Tex. App.—Dallas 1987, no
writ) (noting basis of liability under section 324A accrues when person
undertakes to perform services for another which are attended by grave risks
and which constitute duty owed by other to third person).  

As noted above, there is no evidence, and the Shanleys
do not contend, that any physical harm occurred as the result of Digital Draw’s
performance of its inspection services.  Accordingly, the trial court properly
granted summary judgment in favor of Digital Draw on the Shanleys’ negligence
claim. 

(b) Negligent Misrepresentation

The elements of a negligent misrepresentation claim
are (1) a representation made by a defendant in the course of his business, or
in a transaction in which he has a pecuniary interest; (2) the defendant
supplies ‘false information’ for the guidance of others in their business; (3)
the defendant did not exercise reasonable care or competence in obtaining or
communicating the information; and (4) the plaintiff suffers pecuniary loss by
justifiably relying on the representation.  See Fed. Land Bank Ass’n of Tyler
v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991).








In its summary judgment motion, Digital Draw argued
that the Shanleys cannot prevail on their negligent misrepresentation claim
because they cannot show justifiable reliance.[13] 
Specifically, Digital Draw argued that because the Shanleys never saw any of
the inspection reports until after they filed the lawsuit, they could not have
justifiably relied on any alleged misrepresentation in the reports.  In their
summary judgment response, the Shanleys claimed that they justifiably relied on
Digital Draw’s misrepresentations in their inspection reports to First Horizon
that certain items in the construction process had been completed.  As evidence
of their reliance, the Shanleys point to the following testimony from Ms.
Shanley’s deposition:

Q:        With
regards to the people at Digital Draw, what did you expect them to do for you?

A:        I
didn’t expect them to do anything for me.  I did not hire them.  I don’t know. 
You know, I would not expect anything.  

Q:        You
don’t expect anything from Digital Draw.  What about the other entity that
you’ve sued in this case, Daniel – Daniel Inspection Service?  What did you
expect from them to do for you?

A:        
All these people you are mentioning, I expected them to do what was required of
them by First Horizon that was presented at the title company.

                                                               .
. . . 

 

Q:        Did
you understand from reading this document that any inspections First Horizon
conducted for disbursement of the proceeds were done for their own benefit?

A:        No,
ma’am.

                                                                           .
. . .

 

Q:        In
signing this document, did you understand that you agreed and acknowledged that
first Horizon was not responsible for determining the cost of construction for
your home?

            A:        No,
ma’am.

 

This testimony only suggests that Mrs. Shanley had an
expectation that the parties involved would do what First Horizon required them
to do.  That is not tantamount to justifiable reliance. [14]

Here, the Shanleys fail to show how Digital Draw’s
representations induced them to act or refrain from acting to their detriment. 
Instead, they assert that, although they had no relationship with Digital Draw,
they relied on Digital Draw’s representations in the inspection reports to
First Horizon because those representations triggered improper disbursements by
First Horizon.  While this might raise issues as to reliance by First Horizon,
it does not constitute evidence of reliance by the Shanleys.

Because the Shanleys failed to present evidence
raising a genuine issue of material fact as to the element of reliance, we
conclude that the trial court properly granted summary judgment to Digital Draw
on their negligent misrepresentation claim.  Issue one as to Digital Draw is overruled.

IV.
CONCLUSION

Accordingly, on the record before us, we affirm the
trial court’s judgment.

 

/s/        Kent C. Sullivan

Justice

 

Panel consists of Justices Seymore, Brown, and
Sullivan.









[1] The Honorable Sharon
McCally of the 334th Judicial District Court of Harris County.





[2]
We nevertheless recognize that
appellees were entitled to move for summary judgment at any time.  Tex. R. Civ. P. 166a(b) (“A party
against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment
in his favor as to all or any part thereof.”).





[3] We note that Digital Draw
does not address the Shanleys’ argument presented in issue two in its brief.





[4] Further, it is arguable
that the rendition of summary judgment in favor of First Horizon and Digital
Draw implicitly overruled the Shanleys’ motion to compel discovery and, in
doing so, preserved error.  See Tex.
R. App. P. 33.1(a)(2)(A) (providing that an implicit overruling of
request can preserve error); see also Barnes v. Sulak, No.
03-01-00159-CV, 2002 WL 1804912, at *5  (Tex. App.—Austin 2002, pet. denied)
(not designated for publication) (concluding rendition of summary judgment in
favor of defendants without ordering discovery implicitly overruled appellant’s
motion to compel discovery).





[5] Emphasis in the original.





[6] In their motion for
continuance, the Shanleys stated that “the release issue involves questions of
fraud, lack of consideration, ambiguity, and unconscionability.”





[7] Morgenroth was an expert
retained by the Shanleys, and Bujanos was the court reporter who transcribed
Milner’s deposition.





[8] The record reflects that
the exhibit from Milner’s deposition, entitled “Borrower’s Consent to Progress
Advances,” was a document produced by the Shanleys in the course of discovery. 
It was also an exhibit to Mr. Shanley’s deposition taken on February 27, 2007.





[9] To prevail on a DTPA
claim, a plaintiff must prove that (1) he was a consumer of the defendant’s
goods or services; (2) the defendant committed false, misleading, or deceptive
acts in connection with the lease or sale of goods or services; and (3) such
acts were a producing cause of actual damages to the plaintiff.  See Doe v.
Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 478 (Tex. 1995).





[10] In Dear, an insured
sued an independent adjuster hired by his insurance carrier for improperly or
negligently investigating his claims.  See Dear, 947
S.W.2d 916.  The court found that the independent adjuster, having been hired
by the insurance company, had no relationship with the insured, and, thus, owed
no duty to him.  See id. at 917.  In Muniz, the underlying
dispute concerned whether damage to the insureds’ home was covered under the
homeowner’s policy.  See Muniz, 974 S.W.2d at 231.  In claiming
the shifting soil under the insureds’ home that had caused the damage was due
to a condition not covered by the policy, the insurance carrier cited to a
report by an engineering firm in support of its position.  See id.  The
insureds sued their insurance company and the engineering firm.  See id. 
The court concluded that the only tort claims an insured may assert against his
carrier are breach of the duty of good faith and fair dealing and the duty to
exercise ordinary care in considering an offer to settle within policy limits. 
See id. 232–33.  Breach of these duties arises only by virtue of the
special relationship created by a contract of insurance.  See id. at 236
(citing Natividad v. Alexsis, Inc., 875 S.W.2d 695, 697 (Tex. 1994)).  Noting the lack of privity between the insureds and the engineering firm, the
court found that the firm owed no duty to the insureds and granted summary
judgment in favor of the firm on their negligence claim.  See id. at
237.





[11] The Shanleys attached as
Exhibit A to their motion a document entitled “Construction Inspection
Report.”  On the second page of the report, there is a section reflecting
“Items Payable In Connection with Loan” which were “Paid From Borrower’s Funds
at Settlement.”  One of these items is “Lender Inspection” paid to First
Horizon in the amount of $800.00.  Although this document shows that the
inspection fee was paid from the proceeds of the construction loan, it also
reflects that the fee was paid to First Horizon, not to Digital Draw.





[12] Thompson involved
an action for personal injuries.  See id. at 262.  As such, for the
reasons outlined, it is distinguishable.  





[13] Although Digital Draw
stated in its motion that there was no evidence supporting the first three
elements of a negligent misrepresentation claim, it focused on the element of
justifiable reliance to defeat the Shanleys’ claim.





[14] The Shanleys also rely
on Cook Consultants, Inc. v. Larson, 700 S.W.2d 231 (Tex. App.—Dallas 1985,
writ ref’d n.r.e.) to support their argument that they justifiably relied on
Digital Draw’s representations and thereby suffered pecuniary loss.  In that
case, however, there was a direct contractual relationship between the
plaintiff and the defendant contractor, and the plaintiff could demonstrate
that she would not have purchased the home in question but for the
representations of the contractor.  Cook Consultants, Inc., 700 S.W.2d
at 233, 237.